Nash, C. J.
 

 The defendant had been arrested at the instance of the plaintiff upon a
 
 ca. sa.
 
 returnable to the County Court of Caldwell, and had given bond and surety for his appearance during the term. Before the return of the process,
 
 *401
 
 the plaintiff told the defendant he need not make his appearance at Court, as the
 
 ea. sa.
 
 should not be returned. Contrary to his promise, he caused the writ to be returned, and the defendant was called out and judgment taken against him and liis sureties on the bond. At the next term of tile Court, the defendant having heard that he had been called out; applied to the Court to have the-judgment set aside- and be permitted to take the oath of insolvency, which was granted, and the plaintiff appealed to the Superior Court, where the decision of the County Court was overruled, upon the ground that the County Court had not power to set aside a judgment rendered by them at a previous term. In this opinion we do not concur.
 

 With the exercise of the discretionary powers of the Superior Courts we have no right to interfere, and if his Honor had placed his decision upon that ground-, the judgment would have been affirmed. But when' he declines to act, upon the ground, that he has
 
 in
 
 law.■ no power so to do, or when lie bases his action, as in this case, upon the want of
 
 legal power
 
 in the County Court to- take the action-in the case which he is called on to revise,, his judgment becomes matter of law and subject to the revision of this Court.
 

 His Honor decided that the County Court had no power to set aside a judgment rendered at a previous term.' As a general rule this is true; but where the-judgment is by default, or interlocutory, or not taken according to the- course of the Court, they are always under the control of the Court; because “ such a judgment is in no sense the judgment of the judge; and it belongs to him as- a right of his own, to make the record speak the truth, by vacating the entry of what purports to be his apt, but was not his act in reality.”
 
 Winslow v. Anderson
 
 and Duckworth, 3 Dev. and Bat. 13.
 

 It is of the essence of judicial justice that every man, before he is condemned for a crime, or deprived of his property by sentence of a-Court, shall have a day in Court — shall have an opportunity to defend himself. Even Turkish justice, as it is called, acts upon this principle : no man- there^ is deprived by their Courts, of life or.property, without being called on for
 
 *402
 
 bis defence. In the case we are considering, a shameful fraud was practised upon the Court and upon the present defendant. The latter, arrested under a
 
 ea. sa.
 
 at the instance of the plaintiff, had, under the insolvent laws, given a bond for his appearance at the next succeeding term of the County Court: the plaintiff, conscious that, he (the defendant,) was entitled to discharge himself as an insolvent, tells him he need not appear at Court — the papers would not be returned — and confiding in his honesty, the defendant did not appear, was called out, and a judgment taken in his absence and that of his surety, for the amount of the debt claimed. Substantially, the defendant had no day in Court, and the judgment taken against him,
 
 was irregularly
 
 taken — ag’ainst the course of the Court, He has then
 
 ex débito jusüiim,
 
 a right to claim of the County Court, the exercise of its power to vacate the-judgment so obtained. The judgment here is what is called an office judgment. In‘
 
 Bender
 
 and
 
 Askell,
 
 3 Dev. Rep. 150, Judge RmrriN defines such a j udgment, to be one, “ signed by a plaintiff in the course of the Cpurt without any actual adjudication by the Court,” one, where, by the force of some statute, the party is entitled, as a matter of course, to his judgment, as in an insolvent’s case. The act provides, that if the defendant does not appear according to the requirement of his bond, judgment shall be entered up against him and his surety,
 
 instcmim’,
 
 without any action of the Court. Such judgments, say the Court in Askell’s ease,
 
 “
 
 must necessarily be held to be under the future control of the Court,” “ as to them, the authority of the Court is not confined to the term in which they are rendered.” In that case, a judgment by default final had been taken by the defendant, Askell, against the plaintiff, upon whom the writ had never been served. An éxécution issued and the property of Bender sold. At a
 
 subsequent
 
 term of the Court, the j udgment against Bender was vacated on motion.
 

 In
 
 Crumpler and others
 
 v.
 
 the Governor,
 
 1 Dev. 52, the same doctrine was acted on. A judgment had been taken against McAlster, sheriff of Duplin, and his sureties, of whom Crump-ler was one, upon the certificate of the Public Treasurer and
 
 *403
 
 Comptroller for the non-payment of taxes. This-judgment was taken at Spring Term, 1828, of Wake Superior Court, before Badger, Judge, and at
 
 Fall Term succeeding,
 
 it was set aside, and that judgment, upon appeal, was affirmed by the Supreme Court. This doctrine is finally settled by this Court in the ease of
 
 Williams
 
 v.
 
 Beasly,
 
 13 Ired. 112, where the Court say judgments taken, as of course, are from necessity always under the control of the Court whose j udgment they purport to be; also, of an appellate Court, who can treat the matter
 
 de novo.
 

 His Honor’s attention was not drawn to this difference between an office judgment, which is not rendered according to the course of the common law, and one rendered according to it. The latter is not within the power of the Court at a subsequent term, in a summary manner to disturb it; the former is always under the control of the Court rendering it,-or of an appellate Court. To the former, the cases referred to by the defendant relate.
 

 Per Curiam. There is error in the judgment of the Superior Court, which is reversed.