The Victor Sewing Machine Company vs. Heller.

*Appealable orders, after judgment.*

After judgment, an appeal will not lie from an order refusing a new trial, or from any other interlocutory order which is reviewable on appeal from the judgment itself.

APPEAL from the Circuit Court for *Chippewa* County.
*Arthur Gough*, for the appellant.
*Joseph S. Carr*, for the respondent.

COLE, J. This is an appeal from an order denying a motion for a new trial made upon the minutes of the court. The order was made on the 3d day of June, 1876; and final judgment in the action was entered at the same time. On the 8th of November, 1876, the defendant served notice of appeal and an undertaking. The objection is taken, that the appeal should have been from the judgment, and not from the order; that the right of appeal from the order ceased upon the entry of the judgment, from which an appeal lay. The objection seems to us well taken, and must prevail. In *American Button Hole, etc., Co. v. Gurnee*, 38 Wis., 533, the chief justice says:

"The statute requires the court, upon appeal from judgment, to review interlocutory orders involving the merits and affecting the judgment (Tay. Stats., ch. 139, § 6), and not to reverse the judgment for errors in other orders. R. S., ch. 125, sec. 40.

"From orders involving the merits and affecting the judgment, appeals after judgment are therefore unnecessary. Separate appeals from such orders, after judgment, would be litigious and oppressive. If they could properly be taken, and should be taken, pending appeal from the judgment, they would be dismissed. *Young v. Groner*, 22 Wis., 205. The appropriate appeal is from the judgment, bringing here for review all such orders as well as the judgment itself." p. 535.

In that case the question before the court was, whether or not the appeal was double; but the above remarks in exposition of the appeal statute are deemed correct and in point. They are decisive of this appeal. Here judgment has been entered, from which no appeal has been taken. Suppose the order refusing to grant a new trial should be reversed: what will be the position of the case? The reversal of the order would not vacate the judgment, and would serve no useful purpose. This consideration is sufficient to show that an appeal from the judgment was intended to supersede the appeal

from such an interlocutory order. The appeal must therefore be dismissed.

