## Thornton vs. Eaton.

*Appealable orders.*

1. After judgment, an appeal will not lie from an interlocutory order review-able on appeal from the judgment *( Victor S. M. Co. v. Heller*, 41 Wis., 657), as an order " that judgment be entered by the clerk in accordance with the finding."
2. Whether an order like that recited would be appealable *before* entry of judgment, is not considered.

APPEAL from the Circuit Court for *Manitowoc* County. Defendant appealed from an order for judgment.

The cause was submitted for the appellant on briefs of *R. P. Eaton.* For the respondent, there was a brief by *Nash & Schmitz,* and oral argument by *Mr. Nash.*

Cole, J. This cause was tried by the court, a jury having been waived by the parties. The court made and filed a finding of facts, and stated its conclusions of law. At the close of the finding were these words: " Judgment in accordance with this finding is hereby ordered to be entered by the clerk." The appeal is from this order or direction of the court. Judgment was in fact immediately entered according to this direction. Now, waiving the question as to the appealability of such an order where no judgment has in fact been entered, it is very plain that the appeal in this case, under the decisions of this court, must be dismissed. In the case of the *Victor Sewing Machine Co. v. Heller*, 41 Wis., 657, it was held that, after judgment, an appeal would not lie from an order refusing a new trial, or from any other interlocutory order which is reviewable on appeal from the judgment itself. That decision is decisive on this appeal, for the reason that judgment in the cause had been entered, from which an appeal might have been taken.

*By the Court.* — The appeal is dismissed.

Ryan, C. J., took no part.

A motion by the appellant for a rehearing was denied.