prosecute the same.  This would, of course, avoid the note given by defendant, if the consideration was in part to forbear to prosecute Brauns for the embezzlement with which he was charged.  Brauns was charged with having embezzled $600 of the plaintiffs' money; in other words, he was charged with having committed a felony.  It would be improper for us to express any opinion upon the testimony, tending to prove that the note in suit was given, in part, at least, to induce the plaintiffs to discontinue the prosecution which had been instituted.  It is sufficient to say, in view of the evidence introduced on the trial, that the jury should have been distinctly and pointedly instructed that, if the discontinuance of that prosecution entered to any extent into the consideration of the note, it was void, though it might also have been given in settlement of the claim of the plaintiffs against Brauns.  The charge, as given, is so well calculated to mislead the jury, that we think a new trial should have been granted.

*By the Court.*— The judgment of the county court is therefore reversed, and a new trial awarded.

69   469
70   231

GOLDMARK and others, Appellants, vs. ROSENFELD and others, Respondents.

*September 26 — October 11, 1887.*

*Appeal, when lies from order.*

An order for judgment dismissing the action with costs, and also striking from the files an amended complaint, and dissolving two injunctional orders granted by a court commissioner, is one which involves the merits and necessarily affects the judgment, and under sec. 3070, R. S., it is reviewable upon appeal from the judgment. After judgment has been entered, no appeal will lie from such an order.

APPEAL from the County Court of *Milwaukee* County. The case sufficiently appears in the opinion.

For the appellants it was submitted on the brief of *Wallber & Wahl*, attorneys, and *Moses, Newman & Reed* and *A. J. Dittenhoefer*, of counsel. They contended, *inter alia,* that it was improper to join a motion to strike out a pleading with a motion for judgment. *Fellows v. Prest. etc. of Menasha*, 11 Wis. 559.

For the respondents there was a brief by *J. C. McKenney* and *A. C. Brazee*, and oral argument by *Mr. McKenney*.

BY THE COURT. This is an appeal from an order for judgment dismissing the action with costs, made by the county court February 26, 1887. The order also strikes from the files an amended complaint, and dissolves two injunctional orders granted in the action by a court commissioner. Judgment was regularly entered pursuant to the order, on March 22, 1887, dismissing the plaintiff's complaint, and for costs. This appeal was taken March 28th. It is therefore too late. No appeal lies after judgment from an interlocutory order reviewable on an appeal from the judgment. *Victor S. M. Co. v. Heller*, 41 Wis. 657; *Thornton v. Eaton*, 45 Wis. 621. This order is so reviewable. R. S. sec. 3070.

The appeal must be dismissed.

THE STATE EX REL. ANDERTON, Appellant, vs. KEMPF, Respondent.

*September 26 — October 11, 1887.*

*Jurisdiction as to elections: Milwaukee city: Pleading: Quo warranto.*

1. Unless the statute conferring upon the common council of a city jurisdiction to judge of the election of its own members unequivocally excludes, by express provision or by necessary implication, the jurisdiction of the courts in that behalf, such jurisdiction re-