GEORGE S. REDHEAD, Appellant, v. THE IOWA NATIONAL BANK, Appellee.

Pleadings: DEMURRER: AMENDMENT. The filing of an amended
1  and substitued petition is a waiver of any error in sustaining
   a demurrer to the original abandoned petition.

Pleading Over: PRACTICE. Failure to demand judgment on a de-
2  murrer sustained to the original petition until after an
   amended and substituted petition is filed will preclude defend-
   ant's right to a dismissal of the action for delay in filing the
   amended petition.

*Appeal from Polk District Court.*—HON. A. H. McVEY, Judge.

MONDAY, MARCH 14, 1904.

The opinion states the case.—*Reversed.*

*J. K. Macomber* for appellant.

*C. W. Johnston* for appellee.

WEAVER, J.—The plaintiff's amended and substituted petition states, in substance, that on November 4, 1895, the defendant, a national bank, having its principal place of business in Des Moines, Iowa, acting by its board of directors, ordered a tax dividend to be made upon its capital stock; the distribution thereof to be made or affected by payment of the taxes levied upon the shares of stock held or owned by the individual shareholders in said banking corporation. It is further alleged that in pursuance of said order the bank did pay the taxes levied upon the shares of many of the shareholders, including the directors, but failed and refused to pay the taxes levied upon certain other shares belonging to other shareholders, thus unjustly discriminating between the owners of the stock, and that the claims of the several shareholders against whom such discrimination was made have been assigned to plaintiff. He therefore asks judgment against the bank for an amount equal to the taxes which the latter neglected to pay. Upon the filing of said amended and substituted petition, defendant moved to strike the same from the files, and for judgment against plaintiff for costs, assigning as grounds therefor (1) that, after a demurrer to the original petition had been sustained, and plaintiff had amended his pleading, the trial court sustained plaintiff's motion to strike the amendment, and for judgment for costs against the plaintiff, but that said ruling had, by oversight, never been made of record, and that "plaintiff himself labored under the impression" that a proper entry of the ruling had been made, and did nothing further in the case for several months, when he filed the amended and substituted petition; and (2) that the amended and substituted petition simply repleads the same matter alleged in the petition to which

the demurrer was sustained. A third ground or division of the motion is stated in the following words: "The motion ruled upon February 20, 1902, cannot be found upon the records, or filed among the papers; and the defendant therefore asks that his honor Judge McVey correct his entry made upon February 20, 1902, by entering judgment for defendant for costs, and by sustaining this motion to strike the amended and substituted petition from the files for the reason assigned above, as the same has not been filed as required by law, and as the lapse of time of six months and three days from his honor's ruling thereon shows conclusively that the court's ruling was submitted to, as evidenced by the plaintiff's long delay in acquiescing in said ruling until the slight error was discovered, and the defendant therefore asks that this motion be sustained." The ruling of the trial court upon this motion was that "the plaintiff's action be dismissed from the record, and that defendant have and recover from plaintiff the costs." The plaintiff appeals.

I. Appellant assigns error upon the ruling of the court sustaining the demurrer or demurrers filed to the original and amended petitions, and it is upon the questions thus

1. PLEADINGS: demurrer: amendment.

raised that counsel upon both sides give principal attention in argument. It appears, however, that, after the rulings thus complained of, appellant filed an amended and substituted petition. By this act he abandoned and superseded the prior pleading filed by him, and waived the error, if any, in sustaining the demurrer. The amended and substituted petition is to all intents and purposes an original pleading, and must stand or fall on its own merits. *Frick v. Kabaker,* 116 Iowa, 494; *Geiser v. Krogman,* 111 Iowa, 503; *State v. Simpkins,* 77 Iowa, 676; *Mowry v. Wareham,* 101 Iowa, 28. There is no demurrer to this pleading, and we cannot properly enter upon a discussion of the merits of the case it presents; but, in view of the fact that counsel have seen fit to argue the question quite fully, we will say that, in our judgment, the amended and substituted petition states a cause of action. Much is stated

in the brief of the appellee which is wholly outside of the record, and what effect such matters may have upon the rights of the parties, if proved upon the trial, we do not undertake to determine. We can only say that, taking the amended and substituted petition as it stands, unobscured by any reference to prior pleadings or to new matter asserted in argument, it seems to present a case which, if its truth be admitted, entitled appellant to recover.

II. The point made in the demurrer, that the amended and substituted petition is, in effect, a mere repleading of the matter stated in the petition, to which a demurrer had once been sustained, is not urged in appellee's argument; but it is insisted that, the delay in filing the substitute was so unreasonable, it was within the discretion of the court to strike the pleading from the files and dismiss the action. Under the condition of the record, we think this contention cannot prevail. After the ruling on the demurrer, if the appellant did not plead over in due time, it was the appellee's right not to have a dismissal, but to have judgment upon the demurrer. Having failed to secure or demand such judgment until after appellant had pleaded over, we think it was too late to insist upon the right. Indeed, the appellee's motion is not for judgment upon the demurrer, but is, in effect, a motion to dismiss for want of diligence by the appellant in making up the issues. No default had been entered against the appellant. Liberality in permitting amendments is the rule in this state, and we think it according to universal practice that the party against whom a demurrer has been sustained may amend or plead over as ·a matter of course, at any time before the opposing party takes advantage of his default and moves for judgment. This practice seems to be in accordance with the letter and spirit of Code, section 3788, which provides that judgment against a party upon failure to amend· answer or reply as required by the rules of court, or by the court, may be entered upon "demand of the adverse party made before such pleading is filed." No such demand was made in this case until the de-

2. PLEADING over: practice.

layed pleading was in fact filed, and we think the penalty of dismissal should not have been visited upon appellant simply because he may have been tardy in presenting his pleadings. We reach this conclusion the more readily in view of the fact that appellee, by failing to demand judgment before the filing of the pleading, tacitly acquiesced in the delay. The further ground of the motion to dismiss, which asserts an unrecorded ruling upon a prior lost motion, we need not consider. In the absence of a record of some kind made at the time, or since entered *nunc pro tunc,* there is no competent evidence that any such ruling was ever made.

It follows from the foregoing considerations that the district court erred in sustaining the motion to strike and to dismiss, and the cause must be remanded for further proceedings not inconsistent with this opinion. The judgment appealed from is REVERSED.