# DUTTON v. PARISH.

---

**Scire Facias; Judgments; Interlocutory Orders.**

1. A judgment becomes extinct at the expiration of twelve years unless revived by scire facias within that time.
2. Scire facias to revive a judgment is a judicial writ and is converted into an action only by appearance and plea; and unless thus converted its character is unchanged, and its life ends in a year and a day from its issuance. (Following *Collins* v. *McBlair*, 29 App. D. C. 354.)
3. An order directing the issuance of a summons to the executrix of a deceased judgment defendant to show cause why the action should not be prosecuted to judgment on a writ of sci. fa. previously issued, is an interlocutory order, over which the court does not lose control with the expiration of the term at which it was made, and it

DUTTON. *v.* PARISH.

is the duty of the court then to quash the order if it is void. (Following *Hopp* v. *Pickford*, 30 App. D. C. 81.)

No. 2090. Submitted January 6, 1910. Decided February 1, 1910.

HEARING on an appeal (specially allowed) by the plaintiff, from an order of the Supreme Court of the District of Columbia vacating a prior order, summoning the executrix of the deceased judgment defendant to appear and defend.           *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is a special appeal from an order of the supreme court of the District vacating a prior order of summons of that court to appellee, Emily E. Parish, executrix under the will of Joseph W. Parish, deceased, to appear and make herself defendant in an action supposed to have been pending in said court in which appellants, Henry F. Dutton, John G. Nichols, Harvey G. Robinson, and Walter G. Robinson, trading as H. F. Dutton & Company, were plaintiffs, and Joseph W. Parish, deceased, defendant, and to quash the summons, alias, and return.

On April 4th, 1889, appellants, as plaintiffs in an action of assumpsit against said Joseph W. Parish, recovered judgment for $3,500, with interest. On September 24th, 1892, no fieri facias having issued, a writ of scire facias to revive said judgment was taken. This writ was returned scire feci on October 1st, 1892, and on the same day a writ of fieri facias was issued, which, by direction of plaintiff's attorney, was returned *nulla bona.* No fiat was ever entered in the scire facias proceeding, and nothing further was done, so far as the record discloses, until June 11th, 1909, when plaintiffs suggested the death of said Parish and appellee's appointment and qualification as his executrix, and obtained an order "that a summons issue to said executrix to appear and make herself defendant in this action in place and stead of said decedent." In this order of summons it is stated:

"Whereas, the said Joseph W. Parish, late of the District of Columbia, was summoned to be and appear in this court to

answer the writ of scire facias issued herein, service of this writ was had upon said decedent;

"And Whereas, the said Joseph W. Parish is since deceased, as appears by the suggestion of the plaintiffs;

"Therefore, you are hereby summoned to be and appear before the said court on or before the twentieth day, exclusive of Sundays and legal holidays, occurring after the day of the service of this writ on you, and show cause why the suit aforesaid should not be prosecuted to judgment on said writ of scire facias."

Service of an alias summons [issued July 6, 1909] was made upon appellee on October 9th, 1909, and, in due course, on October 18th, 1909, appellee entered a special appearance, and moved the court to vacate and set aside said order of summons upon the following grounds:

"First. Upon the cause of action in said Cause No. 27,030 at law, *viz.*, a promissory note made by J. W. Parish to the order of one John H. Doyle, bearing date April 18th, 1885, for $3,500, action was brought and on April 4th, 1889, judgment rendered against said J. W. Parish for $3,500, with interest from April 18th, 1885, and that said judgment had ceased to be obligatory upon said J. W. Parish in his lifetime, and never has been and is not now a debt which the said Emily E. Parish, executrix, could be compelled to satisfy.

"Second. That said cause No. 27,030 at law, having long since died, cannot now be revived by a summons to the executrix of said Parish to appear and make herself defendant therein.

"Third. That the only way in which a judgment can be revived is by scire facias.

"Fourth. That the time within which the judgment could be revived has long since expired.

"Fifth. That although on September 24th, 1892 (no fieri facias having ever issued on said judgment), the plaintiff caused to issue the writ of scire facias, which on October the 1st, 1892, was returned scire feci; and, although on the same day (in the absence of any appearance or plea thereto by the defendant, Parish) plaintiff caused the plea of fieri facias to issue, re-

turned on the same day by the plaintiff's order, *nulla bona,* no fiat was entered thereon within a year and a day, and none ever has been entered. Whereupon at the expiration of a year and a day from the issuance of the writ, the proceeding in scire facias was discontinued, and, after that date, was no longer a pending litigation.

"Sixth. The executrix, Emily E. Parish, cannot be summoned to appear and defend an action long since dead, beyond the power of recall, and which had so died in the lifetime of her testator, against whom it had been filed."

This motion was granted and appellants excepted. Thereupon the court, upon motion of appellee, and over the exception of appellants, quashed said summons of July 6th, 1909, the alias summons upon which service was made, and the return thereon. This special appeal brings into review the action of the court in granting said motions of appellee.

*Mr. H. B. Moulton* and *Mr. John Ridout* for the appellant.

*Mr. Holmes Conrad* and *Mr. Leigh Robinson* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Scire facias to revive a former judgment, under the doctrine prevailing in Maryland from an early day, is a judicial writ, and is converted into an action only by appearance and plea thereto by the defendant. *Collins* v. *McBlair,* 29 App. D. C. 354; *Weaver* v. *Boggs,* 38 Md. 255. Unless it is thus converted into an action, its character is unchanged, and its life ends in a year and a day from its issuance. *Collins* v. *McBlair,* supra. It is apparent, beyond the point of controversy, that when said order of summons of June 11th, 1909, was issued, the action in respect to which it was issued had spent its force and no longer possessed a spark of vitality. The original judgment of April 4th, 1889, became extinct at the expiration of twelve years unless revived by scire facias within that time.

Upon the facts stated the scire facias issued on October 1st, 1892, to revive said judgment, was a judicial writ, and, upon failure to enter a fiat thereon within a year and a day from its issuance, it operated as a discontinuance of the proceeding, and, even had fiat been entered, the twelve years gained would have terminated in 1904. When the order of summons was issued, therefore, there was no cause pending. The court possessed no power of revivor, and hence was without jurisdiction in the premises.

The real questions raised by the assignments of error goes to the authority of the court, at its October term, in vacating said order of its April term, the contention being that the court "had lost jurisdiction to vacate said order before the motion attacking it was filed."

It goes without saying that, generally speaking, a court loses control of a judgment after the expiration of the term in which it is rendered; but the order here involved was not a judgment, and its function was not to terminate the proceeding in which it was entered. It was merely an interlocutory order, over which the court had full control when the motion to quash was made. Upon the filing of that motion, no issue having been raised as to the facts therein stated, it appeared that, when said order of summons was made, the action to which it referred had long since terminated, and consequently that said order was void. In such a situation it became the duty of the court to terminate an idle proceeding by quashing its prior order. Such was the proper method of procedure. *Hopp* v. *Pickford,* 30 App. D. C. 81. Even had this been a void judgment instead of an interlocutory order, the court would have possessed the power to set it aside. *Harris* v. *Hardeman,* 14 How. 334, 14 L. ed. 444.

Finding no error in the record the judgment is *affirmed, with costs.*