# Nelson *v.* Rothschilds, *et al.*

## *Assumpsit.*

### (Decided May 20, 1913. 62 South. 288.)

1. *Pleading; Defective Pleading; Motion to Strike.*—Where it is conceived that the breaches of a bond sued on were not good, as set out in the various counts of the complaint, the proper remedy is by demurrer to the specific assignments of breach, thus giving the plaintiff an opportunity to cure defects by amendment; hence, it was prejudicial error to strike the complaint, which stated a cause of action without the defective assignments, though the assignments of breach were not good, since the court cannot assume that the plaintiff could not amend his complaint so as to assign a good breach.

2. *Appeal and Error; Harmless Error; Pleading.*—The fact that plaintiff was permitted to amend and refile the 1st count of his complaint does not cure error where the special breach assigned in the amendment was also stricken out by the court.

APPEAL from Coosa Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by L. P. Nelson against David Rothschilds and others, for breach of a garnishment bond. Judgment for defendants on the pleading, and plaintiff appeals. Reversed and remanded.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. The complaint is entirely sufficient and not subject to demurrer.—*Dothard v. Shield,* 69 Ala. 135; *Sharp v. Hunter,* 16 Ala. 765. Although the breaches were insufficient, demurrer was the proper remedy, and the court erred in sustaining motion to strike as the complaint stated a cause of action without the assignments of the breach.—*Hayes v. Anderson,* 57 Ala. 274; *Continental I. Co. v. Brooks,* 125 Ala. 615; *Troy F. Co. v. The State,* 134 Ala. 336.

[Nelson v. Rothschilds, et al.]

BRIDGES & OLIVER, and THOMAS D. SAMFORD, for appellee. The record fails to show any right of action on the garnishment bond, and if there were errors, they were without injury.—*Mitchell v. Pitts, et al.,* 61 Ala. 219. Counsel discuss the complaint and the facts to show that there was no cause of action, and cite authorities to sustain their contention, but in view of the opinion of the court, it is not deemed necessary to here set them out.

PELHAM, J.—The action was brought in the trial court by the appellant to recover damages of the appellees for the breach of the conditions of a garnishment bond executed by the appellees. The complaint as originally filed contained three counts; these counts, after alleging the giving of the bond and averring that the conditions of the bond had been breached and that the plaintiff had sustained certain damages by reason thereof, undertook to set out in separate paragraphs the different breaches relied on in the several counts of the complaint, and in certain of them alleging the facts relied upon as showing wherein the writ of garnishment had been wrongfully and vexatiously sued out.

The judgment entry set out in the record shows that the defendant's motion to strike the complaint (which motion is also shown by the record) was granted, and "to this action of the court, and the striking of the complaint as a whole, and as to each assignment of breach in each count of the complaint, separately, and each separate count of the complaint," the plaintiff duly reserved an exception.

Although the different assignments of the breach of the bond, including that one designated by the letter "e" in each of the different counts of the complaint, which seems to have been the storm center of the con-

tention on the pleadings, were not good assignments (and we do not think they were), yet the erroneous action of the court in striking the plaintiff's entire complaint on defendant's motion cannot be justified on the theory of error without injury, for each of the counts of the complaint, although defective in its averments of the breaches assigned, stated a cause of action, and, even though it was substantially defective, the proper method by which to reach the defect was to test the sufficiency of the different breaches set up by demurrers aimed in each separate instance at the specific assignment that was defective.—*Brooks v. Cont. Ins. Co.,* 125 Ala. 615, 29 South. 13; *Troy Fer. Co. v. State,* 134 Ala. 333, 32 South. 618; *Ala. Gt. So. Ry. Co. v. Clark,* 136 Ala. 450, 34 South. 917; *Troy Grocery Co. v. Potter & Wrightington,* 139 Ala. 359, 36 South. 12 If the demurrers are sustained, the plaintiff may cure the defect thus pointed out and amend his complaint by setting up, if he can, a good assignment of breach, which he is denied the opportunity of doing by the action of the court in striking the whole complaint on defendant's motion

We cannot assume that the plaintiff could not, if given the opportunity, have cured the defect by amendment and assigned a good breach; and the action of the court in striking the complaint cannot be said, under the conditions shown by the record, to be error without injury.

It appears that the plaintiff was subsequently permitted to amend count No. 1 of the complaint by adding a claim of attorney's fees for defending the garnishment suit, and to refile this count as thus amended. While the record shows both motions to strike and demurrers filed to this amended count, it appears from the judgment entry that this amended count met the

same shorthand disposition at the hands of the court as the original three counts, inasmuch as the special breach assigned was stricken on the motion of the defendants. "In this case this shorthand disposition of pleadings was used, contrary to the spirit of our practice and the decisions of this court."—*Wefel v. Stillman*, 151 Ala. 249, 44 South. 203.

Reversed and remanded.