## ACKER et al. v. H. HERFURTH, JR., Inc.
### No. 7363.

United States Court of Appeals for the District of Columbia.

Decided Dec. 26, 1939.

Raymond M. Hudson, Minor Hudson, W. R. Lichtenberg, and Geoffrey Creyke, Jr., all of Washington, D. C., for appellants.

Leonard J. Ganse, of Washington, D. C., for appellee.

Before MILLER, EDGERTON, and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

This is a special appeal from an order denying a motion of the defendant below to dismiss the action.

Plaintiff filed a declaration in three counts which were identical except that they named different defendants. The claim was for damages for breach of a written contract. [1] The contract was signed "B. R. Acker." But when suit was filed plaintiff was in doubt whether the contract, so executed, was undertaken in fact by Acker, solely and individually, or by him and another as partners, or by him and two others as partners. Accordingly, the first count named Acker individually. The second named him and one Guerrieri as partners trading in the firm name of "B. R. Acker" and also as "Acker and Guerrieri." The third, which is here in issue, was identical with the second except that one Cohen was named also as a defendant and alleged to be a third member of the firm.

---

[1] Plaintiff was a general contractor with the United States for construction work and gave bond for satisfactory performance within a specified time, pursuant to the Heard Act, 40 U.S.C.A. § 270. The contract sued on was a subcontract, which provided that damages arising from its performance should be "furnished and replaced" by the subcontractors. Each count in the declaration alleged execution and breach of the subcontract by the subcontractor, with consequent damage to plaintiff, for which recovery was sought.

Cohen moved to strike counts 1 and 2 (as to himself) because he was not named in them as a party defendant. Acker moved to strike the declaration and each count thereof on three grounds, of which only two are material here, namely:

"2. The declaration is bad in form as it calls for more than one verdict, as under the allegations if there is a verdict responsive to the pleadings, there would have to be a different verdict on each count in the event that the plaintiff proves its allegations.

"3. The declaration and the different counts thereof raise different issues between the plaintiff and the various defendants, and also raise issues between the different defendants, thus making the declaration and the counts bad in form."

The motions were heard January 12, 1938. Cohen's motion was granted. Acker's motion also was sustained [2] on the second and third grounds set forth above despite Law Rule 28. [3] Plaintiff, noting exception, [4] had leave to amend as of course. Counsel for Acker [5] stipulated orally for extension of time to plaintiff "to plead herein as it might be advised." The January term of court expired April 4, 1938, no further pleading having been filed. In the April term following, plaintiff filed (April 29) praecipe as follows: "The Clerk of said Court will please enter the First and Second Counts of the Declaration filed herein 'Withdrawn.'" Later defendant Acker moved to dismiss the action, "as on motion of this defendant the Court, on January 12, 1938, struck out each

and all of the counts of the declaration and no declaration or pleading has been filed by the plaintiff." The judge who granted the motion to strike overruled the motion to dismiss the action and one for a rehearing of that motion. In a memorandum opinion the court said: "If the defendant does not desire to plead *to the remaining Count* of the declaration the order will be amended by striking out the provision allowing the defendant to plead." (Italics supplied.)

Here, as below, the gist of defendant's position is that the interlocutory order "striking the declaration and the counts thereof" became final at the end of the term and, since there was no appeal and no other pleading then had been filed, it became thereafter "the law of the case," res judicata, and deprived the court of power to receive further pleadings or proceed further with the cause. When to this is added the fact that the statute of limitations has run against the cause of action since the expiration of the January, 1938, term of the District Court, the substantive reason underlying the procedural contention becomes apparent.

The contention is not only antiquatedly hypertechnical, but misconceives both the nature and effect of the so-called motion to strike and the law concerning the consequences of expiration of terms of court applied for many years in the District of Columbia.

The motion nominally was one to strike *"the declaration* and each count" thereof. But the court's order referred to it as one

---

[2] "Upon consideration of the motion filed herein, *to strike each count* of the declaration, it is ordered that said motion be, and the same is hereby granted, upon the second and third grounds of said motion." (Italics supplied.)

[3] Of the then existing rules of the District Court. The rule provided:

"1. No action shall be defeated by the non-joinder or misjoinder of parties. New parties may be added, and parties misjoined may be dropped, by order of the court, at any stage of the cause, as justice requires.

"2. Persons may be joined as defendants against whom the right to relief is alleged to exist in the alternative, although a right to relief against one may be inconsistent with a right to relief against the other."

Cf. Rule 18(a) of the New Rules of Federal Civil Procedure, 28 U.S.C.A. following section 723c. Whether the court's

action in granting the motion was proper is not before us, since no appeal was taken or applied for. Cf., however, United States v. Union Metallic Cartridge Co., D.C.Conn.,1920, 265 F. 349; Kilkenney v. Bockius; C.C.D.R.I.1911, 187 F. 382; and 1926, 41 A.L.R. 1223–1252.

[4] Plaintiff did not appeal. On April 29, after filing the praecipe of that date, he filed two new actions, each in a single count, one against Acker individually, the other against him and Guerrieri as partners. The declarations were identical, respectively, with counts 1 and 2 of the original declaration herein.

[5] The stipulation was made by Minor Hudson, of counsel for Acker. The active attorney for Acker in this appeal is Raymond M. Hudson, but Minor Hudson also appears as counsel of record. Minor Hudson, on November 22, 1938, personally appeared in court and informed it that the stipulation had been made.

"to strike *each count* of the declaration" (not "the declaration" itself), which was granted "upon the second and third grounds of said motion." If it were adequate to overcome technicality with technicality, our decision might be placed upon a distinction between striking the declaration as an entirety and merely striking each count thereof. That the distinction may not always be entirely without substance is shown in this case by the nature of "the second and third grounds of said motion" upon which the court's action was founded. The only objection raised by these grounds was alleged misjoinder of causes of action and the only basis stated for such misjoinder was the fact that the three counts, otherwise identical, did not designate identical defendants.[6] The objections did not question any of the counts as failing to state a good cause of action, nor did they question the propriety of joining all of the three named defendants in a suit based upon the sole substantive cause of action stated in the declaration. The motion was not to dismiss the action for misjoinder of parties or failure to state a cause of action. It was not the equivalent of a demurrer on either ground. It went only to the propriety of joining the defendants conjunctively and alternatively, in view of the uncertainties of proof, in the same action. In this view, we think the motion in legal effect, if not in language, was one to require the plaintiff to elect upon which count he would stand. Considering the nature of the objection raised, we think it was not and could not have been the intention of the court to take action which would have the effect, as would the sustaining of a demurrer or a motion to dismiss the action, of finally disposing of the cause. That this was the view of the lower court is indicated not only by the language of its order granting the motion, quoted above, but also by its subsequent decision overruling defendant's motion to dismiss the action for plaintiff's failure to plead over or appeal and by the language of its memorandum opinion, quoted above, referring to "the remaining Count of the declaration." True, this reference was made after plaintiff had filed its praecipe directing withdrawal of the first and second counts, but that only goes to show that the court's own construction of its action was as we have indicated, not, as counsel asserts, that "the court had changed its mind" concerning the correctness of its original action in granting the motion "to strike."

Construing the order of the court, therefore, as one requiring plaintiff to elect which single one of the three counts it would rely upon and to withdraw the other two, there was no lack of a declaration in the files either at the time the order was entered or afterward, whether before or after the end of the January term. It is the substance, not the merely linguistic form, of the motion and the order which determines their nature and legal effect. That the election had not been made during the January term did not annihilate the declaration or all of its counts.

This construction disposes of the appeal. But the result would not be different, if the order were treated as one intended by the court to strike the three counts and that as identical with striking the declaration as an entirety. Admittedly the order was interlocutory when made[7] and remained so to the end of the January term. Defendant concedes that plaintiff could have pleaded over at any time prior to its expiration. Under the rules plaintiff had leave to plead over as a matter of course. Further, the oral stipulation of counsel extended the time without specific

---

[6] The third ground not only specified that "the declaration and the three counts thereof" raised different issues between the plaintiff and the various defendants, but also that it raised "issues between the different defendants." The language is ambiguous in that it does not state clearly whether the objection was that the "issues between the different defendants" were raised by the declaration as a whole or by the third count considered entirely by itself. To give it the latter meaning would require interpolation in the motion of the words "as relating to the various counts of the declaration." We think the pleading should be construed most strongly against the pleader and also that it is a fair construction of the motion read as an entirety that it was not intended as an attack upon the sufficiency of any single count, but merely upon the alleged misjoinder of the three counts.

[7] Cf. Schaffran v. Mt. Vernon-Woodberry Mills, 3 Cir.,1934, 70 F.2d 963, 94 A.L.R. 543; Yandell v. Los Angeles, 1931, 214 Cal. 234, 4 P.2d 947; Wade v. National Bank of Commerce, Mo.Sup., 1920, 221 S.W. 364; State v. Meyers, 1910, 19 N.D. 804, 124 N.W. 701; Goldmark v. Rosenfeld, 1887, 69 Wis. 469, 34 N.W. 228.

limit, and it is not denied that it was intended to allow an unlimited time, so far as the intention of counsel could be effective. But it is claimed that the stipulation could not extend the time beyond the end of the term. [8] The argument is not clear, but appears to involve the idea that the admittedly interlocutory order somehow changed its character and became a final one at the expiration of the term; that consequently the court lost all further control of the action, so that the order became "res judicata" or "the law of the case" and the stipulation, being merely the act of counsel, could not survive the alleged expiration of the court's power.

We think the argument sums up into an attempt to reintroduce the long-discarded law of discontinuance. [9] It is true, as this court has held repeatedly and in authorities cited by defendant's counsel, [10] that the court loses further control over litigation in which *final* orders have been entered with the expiration of the term at which they are made. But it is equally true that this rule has no application to interlocutory orders. [11] The order in question here was interlocutory when made. Counsel does not show, other than to assert, how it became final by mere lapse of time on expiration of the term. [12] We do not see how it could do so otherwise than by revival of the ancient law of discontinuance, which, of course, we are not at liberty to make. The order, interlocutory when entered, has remained so, both during the term of its entry and subsequently.

Only brief mention will be made of other matters. The filing of the praecipe was a sufficient pleading over. It was effective to withdraw the first and second counts, and equally so as an election that the third should remain. It accomplished all that was required by the court's order. [13]

[8] If a time is fixed and plaintiff fails to amend within it, the defendant is entitled to have the suit dismissed. Lasswell v. Kitt, 1902, 11 N.M. 459, 70 P. 561. But where no time is specified, the requirement seems to be "due time," Redhead v. Iowa Nat. Bank, 1904, 123 Iowa 336, 98 N.W. 806, or a reasonable time, White v. Harby, 1935, 176 S.C. 36, 179 S.E. 671. The reasonableness of the time depends on the validity of plaintiff's reasons for delay, and on the amount of hardship to the defendant. White v. Harby, supra. Cf. also Southern Ry. v. Leard, 1905, 146 Ala. 349, 39 So. 449. The default, if any, is not self-executing or automatic, but requires the opposing party to move for judgment. Parsons v. Hill, 1900, 15 App.D.C. 532; Redhead v. Iowa Nat. Bank, supra, 123 Iowa 336, 98 N.W. at page 807; Daniell v. Campbell, 1924, 88 Fla. 63, 65, 66, 101 So. 35; Ochus v. Sheldon, 1868, 12 Fla. 138; cf. Banville v. Sullivan, 1897, 11 App.D.C. 23; Vogel v. Saunders, 1937, 68 App.D.C. 31, 92 F.2d 984. The District statutes (D.C.Code 1929, T. 24, c. 4, § 61) made the allowance of amendments discretionary with the court.

[9] At common law a discontinuance resulted from failure to continue the cause regularly from day to day, or term to term, between commencement of suit and final judgment. Germania Fire Ins. Co. v. Francis, 1876, 52 Miss. 457, 467, 24 Am.Rep. 674; Laenger v. Laenger, 1915, 138 La. 532, 538, 70 So. 591. It is unnecessary to trace the long evolution to the present rule that it is unnecessary to continue cases from term to term. That expiration of a term of court does not result in discontinuance, cf. Parsons v. Hill, 1900, 15 App.D.C. 532; Meloy v. Keenan, 1900, 17 App.D.C. 235; Overholt v. Matthews, 1919, 48 App.D.C. 482. Cf. supra note 7 and authorities cited.

[10] Fishel v. Kite, 1938, 69 App.D.C. 360, 101 F.2d 685; Taliaferro v. Carter, 1934, 63 App.D.C. 304, 72 F.2d 172; R. L. Polk & Co. v. Smolik, 1915, 44 App.D.C. 55.
Cf. also United States v. Mayer, 1914, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129.

[11] Dutton v. Parish, 1910, 34 App.D.C. 393; Hopp v. Pickford, 1907, 30 App.D.C. 81; Dangerfield v. Caldwell, 4 Cir., 1907, 151 F. 554; Storey v. Storey, D.C. W.D.Wis.1915, 221 F. 262; Latta v. Kilbourn, 1893, 150 U.S. 524, 540, 14 S.Ct. 201, 37 L.Ed. 1169.

[12] Nor is any authority cited to sustain the alleged conversion. Contra: Storey v. Storey, D.C.W.D.Wis.,1915, 221 F. 262, 263; Powell v. Jopling, 1855, 47 N.C. 400, and the cases cited supra note 11.

[13] Had the trial court intended to strike the entire declaration so as to denude the action of any pleading, it would have been in error in the absence of objection other than was made, since presumptively the third count was good (as indeed was each of the others standing alone). Nelson v. Rothschild, 1913, 7 Ala.App. 390, 62 So. 288; Malone v. Brotherhood, etc., Sup.Ct.1920, 94 N.J.L. 347, 110 A. 696. It was not claimed that the amended declaration was in any way defective for want of substance. The objection to the amendment went only to the form or manner in which it was made.

Nothing of substance or of form would have been added or subtracted by retyping and refiling the third count. The law does not require a useless expenditure of purely stenographic motion, nor is it so blind that it cannot read the same language whether written on one piece of paper or another. It was not error for the court to refuse to strike the praecipe from the files.

Whether the stipulation of counsel would estop defendant from raising the question of discontinuance, were the law otherwise. need not be determined.[14]

We are not required to pass upon questions raised or suggested concerning the sufficiency of the appeal.

It does not detract from the decision that it is in accord with the New Federal Rules,[15] though these were not effective when defendant's motion was granted.

The order denying the motion to dismiss the action is affirmed.

[14] Cf. Banville v. Sullivan, 1897, 11 App.D.C. 23, 29; Meloy v. Keenan, 1900, 17 App.D.C. 235; Overholt v. Matthews, 1919, 48 App.D.C. 482; Larkin v. Shasta County Super.Ct.,1916, 171 Cal. 719, 722, 154 P. 841, Ann.Cas.1917D 670; Powell v. Jopling, 1855, 47 N.C. 400.

[15] Rule 6 (c): "The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the expiration of a term of court. The expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any civil action which has been pending before it."