**SEARS ROEBUCK & COMPANY,**
**a corporation, Appellant,**

v.

**Katherine L. GAULT, Appellee.**

**No. 2787.**

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 25, 1961.

Decided Nov. 29, 1961.

James J. Bierbower, Washington, D. C., for appellant.

Stanley Klavan, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

HOOD, Associate Judge.

After being tried and acquitted on charges of petit larceny and receiving stolen property, appellee Katherine L. Gault brought the present action for malicious prosecution against Sears Roebuck & Company, and a jury awarded her $7,500 compensatory damages and $5,000 punitive dam-

ages.[1] Sears has appealed and asserts several claims of error. Its principal claim is that the trial court was in error in not directing a verdict in its favor at the close of the evidence. Appellee argues that this court cannot consider this claimed error because Sears failed to move for a directed verdict. The record shows that when the evidence was completed, Sears moved "for dismissal of the complaint" and argued in support of this motion that the evidence clearly demonstrated probable cause. Since in substance, if not in form, the motion was actually one for a directed verdict, we treat it as such.[2]

Mrs. Gault was an employee of the Johnson Tobacco Company which operates tobacco concessions within the retail stores of Sears Roebuck & Company. The relation between the two companies is a close one. Sears takes a percentage of Johnson's sales and profits and provides the Tobacco Company with certain services, including protection of its property. In March 1958 Mrs. Gault was employed by the Johnson Company in its tobacco concession in the Sears store at Alabama Avenue. She had worked for the company since 1956.

The record in this case is lengthy, with over 700 pages in transcript alone; but certain facts are either undisputed or clearly established. The chain of circumstances that ended in Mrs. Gault's arrest began in early 1958 when Sears became aware of numerous thefts from its Alabama Avenue store. Implicated was Robert L. Priest, a Sears shoe salesman. On February 24, 1958, Priest made his first written confession, in which he enumerated certain articles he had stolen from Sears. No other employee was mentioned by name. Upon further interrogation by Sears' security officers, on March 1 Priest enlarged his first statement. This confession was more detailed but it still refrained from naming other employees.

A few days prior to the second Priest confession another Sears employee, Denver P. Wallace, had admitted complicity with Priest in the thefts. On March 6 Wallace made a fuller statement in which there was a suggestion that Mrs. Gault and a fourth Sears employee, Charles Zimmerman, had purchased a stolen television set from Priest. Zimmerman was a friend of Mrs. Gault.

Priest was charged with receiving property stolen from Sears and on March 7 he made a complete and detailed confession to the police. In this statement he implicated Wallace, Zimmerman and Mrs. Gault. As to Mrs. Gault he stated:

"About the first of September 1957, Mrs. Katherine Gault, who works at the Cigar Counter, of the Sears, Roebuck & Co. Alabama Ave Retail store began to give me cigarettes without me paying for them. The first time Mrs. Gault gave me a pack of cigarettes. About a week later she started giving me a carton at a time, without paying for them. I got a carton about every week or week in a half. The last time I got cigarettes for nothing from her was a week prior to February 23, 1958. To the best of my knowledge I have received from Mrs. Gault, without paying for them, approximately 24 cartons of cigarettes. These were mostly Parliments cigarettes but some other brands were included. During this period of time I have also received from Mrs. Gault, without paying for them the following items. (1) Ronson wind-proof cigarette lighter, (2) Ronson ladies Cigarette lighters, (3) View lighters, (1) Gillette Safety Razor, Approximately 1 dozen packs of Gillette razor

1. The action was commenced in the United States District Court for the District of Columbia and was certified to the Municipal Court under Code 1951, § 11–756, Supp. VIII.

2. Acker v. H. Herfurth, Jr., Inc., 71 App. D.C. 241, 110 F.2d 241; Perry v. United States, 90 U.S.App.D.C. 186, 195 F.2d 37.

blades, (6) Ash trays, (1) pipe, (1) package of pipe tobacco, (2) boxes of cigars, 25 cigars to a box. I knew that Mrs. Gault was not paying for these items. In return for her giving me these items I gave her approximately four pair of shoes and 1 pair of house slippers. These articles were the property of Sears, Roebuck & Co. and neither I or Mrs. Gault paid for them. A few times Mrs. Gault gave me a cash register receipt that she just hadn't given to a customer, the other times she, Mrs. Gault, would just mark on the outside of the bag, Even Exchange, the date and her name. This procedure permitted me to leave the store with the merchandise without being questioned by anybody."

As a result of Priest's confession to the police a Sears security officer interviewed Mrs. Gault at the Alabama Avenue store. She denied any connection with the thefts. At this time Sears' investigators were aware of inventory shortages in Mrs. Gault's tobacco department.[3]

On March 18 two of Sears' agents (Smith and Potterton), who had conducted the investigation, met with Mr. Daly, the Assistant United States Attorney in charge of the Municipal Court division, and placed before him the results of their investigation and asked if there was probable cause to have a warrant issued for the arrest of Mrs. Gault. Mr. Daly testified that at this meeting he had before him the Priest confession, the Wallace statement, and the information with respect to the inventory shortage; "and as a result of examining all of these things, it was my opinion there was sufficient probable cause for a warrant to issue for the arrest of Mrs. Gault and I so advised the representatives from the Sears Roebuck Company." Mr. Daly further testified that Sears was not "pushing" the case; that it "was entirely the decision of the United States Attorney's office to go forward with this case and have this warrant issue"; and that "under the circumstances I felt that this was a case that we had to prosecute." As a result of this meeting Potterton swore to the application for the warrant of arrest; a warrant was prepared and its issuance authorized by a judge; and Mrs. Gault was arrested and prosecuted.

█ It is firmly established in this jurisdiction that probable cause for a prosecution exists where all known and material facts are presented to the prosecuting attorney and he advises the prosecution.[4] Prosser says that "it is agreed everywhere that their [prosecuting attorneys'] advice is sufficient to establish probable cause."[5]

██ Despite appellee's argument to the contrary we think the record clearly establishes that Sears presented all material facts to the prosecuting attorney. It was not necessary that disclosure be made of minor collateral details. As was said in Mielke v. Rode, 58 N.D. 465, 226 N.W. 507, 509:

"The facts which the complainant is required to disclose to the state's attorney are material facts; that is, facts material to the alleged crime charged, facts which would have a tendency to throw light upon whether any malicious mischief was in fact committed, and who in all probability committed them. * * * Immaterial facts need not be stated."

Where "the facts from which the presence or absence of probable cause is to be

---

3. At trial Mrs. Gault's attorney made much of the fact that this information was of a hearsay nature. The standard for information leading to probable cause is not the same as the standard for admissibility of evidence.

4. Chapman v. Anderson, 55 App.D.C. 165, 3 F.2d 336. See also Mark v. Rich, 43 App.D.C. 182; Wolter v. Safeway Stores, D.C., 60 F.Supp. 12, aff'd 80 U.S.App.D.C. 357, 153 F.2d 641, certiorari denied 329 U.S. 747, 67 S.Ct. 64, 91 L.Ed. 644.

5. Prosser, Torts, Chap. 21 § 98, p. 655 (2d ed. 1955). See also Annnotation, 10 A. L.R.2d 1215.

ascertained are undisputed or clearly established, the question is one of law for the court." [6] Our conclusion is that the existence of probable cause was established as a matter of law and Sears was entitled to a directed verdict. This conclusion makes it unnecessary to consider other errors alleged.

Reversed with instructions to enter judgment for appellant.

6. Wolter v. Safeway Stores, 80 U.S.App.D.C. 357, 358, 153 F.2d 641, 642, certiorari denied 329 U.S. 747, 67 S.Ct. 64.