**MALLINGER et al. v. UNITED STATES.**

No. 5943.

Circuit Court of Appeals, Third Circuit.

Feb. 4, 1936.

Rehearing Denied March 18, 1936.

Warren H. Van Kirk and John S. Pyle, both of Pittsburgh, Pa., for appellants.

Horatio S. Dumbauld, U. S. Atty., and Jay R. Spiegel, Asst. U. S. Atty., both of Pittsburgh, Pa., for the United States.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This case concerns the forfeiture by the government of some 50,000 glass bottles. The libel alleged that these bottles were subject to forfeiture, among other grounds, by virtue of section 3450 of the Revised Statutes of the United States (26 U.S.C.A. § 1441), to which cause of forfeiture alone we now confine ourselves. The libel alleged the seizure of "more than 50,000 used empty liquor bottles, bearing labels of various kinds of whiskey, gin, cordial, wine and other liquors. * * * That all of the said used liquor bottles and other articles and materials mentioned in said second paragraph hereof, and found in the possession of said M. Mallinger and Sam Mallinger on the premises aforesaid, were materials, utensils and vessels proper or intended to be made use of for or in the making of goods, or commodities for or in respect whereof a tax is or shall be imposed, and were deposited and concealed in said premises with intent to defraud the United States of such tax or any part thereof; contrary to Revised Statutes, § 3450 (section 1181, title 26, U.S.C.A. [now 26 U.S.C.A. § 1441]), and thereby became forfeited to the United States." Subsequently, a consent decree was entered, as follows:

"And now, this 2nd day of May, 1935, the above matter having come before the Court for hearing by agreement of counsel for both parties, it is ordered, adjudged and decreed that all empty liquor bottles on the premises of the plaintiffs, Meilech Mallinger and Sam Mallinger, at the corner of Caldwell and Miller Streets, Pittsburgh, Pa. bearing labels of various kinds of whiskey, gin, cordials, wine and other liquors and all corks, caps, wrappers, covers and cartons bearing any distinct name or marking showing them to have been used by some particular distiller, or other liquor dealer or manufacturer, be condemned and forfeited to the United States and destroyed."

After the term had expired, the claimants petitioned the court to vacate the consent decree because such forfeiture, as it alleged, was not warranted by certain regulations and provisions other than Rev.St. § 3450. This the court refused to do, holding:

"I am of the opinion that whether the Court had power under the joint resolution aforesaid to forfeit the bottles aforesaid that it did have such power under section 3450 of the Revised Statutes of the United States; that the term of the court in which said decree was entered having expired before the motion for a re-hearing was made, that said motion should be refused."

After due consideration had of all questions involved, we are of opinion, first, that the court had no power to vacate the consent decree after the term ended in which the decree was made, and, secondly, that under the allegations of the libel, the case fell within section 3450 and the court had jurisdiction to decree forfeiture of the used and labelled bottles.

Finding the court below committed no error, the consent decree is affirmed.