## UNITED STATES v. PEACOCK et al.
### Nos. 919–M, 920—M, Civil.

District Court, S. D. Florida, Miami Division.

July 30, 1940.

Walter Kehoe and O. B. White, both of Miami, Fla., for movant.

H. O. Enwall, Asst. U. S. Dist. Atty., of Miami, Fla., contra.

WALLER, District Judge.

Annie Snipes, joined by her husband, moved for an order declaring that a certain judgment rendered against the said Annie Snipes was void ab initio and that the same does not constitute a lien on any of the property of the said Annie Snipes. At the time of the argument on said motion the jurisdiction of the Court to grant the relief sought by way of a motion was questioned.

It appears from the motion that one Annie Snipes, in February, 1934, became one of the sureties on an appearance bond in a criminal case; that upon the principal's failing to appear when called the bond was estreated, and on June 18, 1937, in appropriate proceedings, a judgment was rendered against the said Annie Snipes and the other surety on the said bond. It is asserted by the motion that at the time of the execution of the bond and the rendition of the judgment the said Annie Snipes was a married woman, under the disabilities of coverture, and that the bond and the judgment are void under the laws of the State of Florida.

In oral argument, and in the brief of counsel, it was asserted that Annie Snipes made application to the Circuit Court of Dade County, Florida, on the 24th day of December, 1932, to become a free dealer under Sections 5024 to 5027, Compiled General Laws of Florida, 1927; that an order was entered permitting Annie Snipes to become a free dealer after the publication by her of the final decree as required by the statute, and as required by the order. But it is asserted that Annie Snipes failed to publish the final order as required by the order and by the statute, and because of this failure the proceedings to have her declared a free dealer were ineffectual to constitute her a free dealer or to impose upon her the obligations and liabilities of a feme sole.

The Court is of the opinion that the judgment in question is not void on its face. The bond did not purport to have been executed by Annie Snipes as a feme covert, and to establish the fact of coverture of Annie Snipes and its consequent disabilities would require evidence aliunde the record, and since the term of Court at which the judgment in question was rendered (1937) has long since expired, this Court is without jurisdiction, in a summary proceeding on motion, to declare the judgment void, especially when the judgment is not void on its face. See United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129. Furthermore, this Court cannot, on such a motion, decree that the order of the Circuit Court of Dade County declaring Annie Snipes to be a free dealer is void and of no effect.

The Court is impressed with the thought that Annie Snipes' co-surety, against whom also the judgment in question was rendered, would be a necessary party, in any proceeding to relieve the said Annie Snipes of liability, in order that he might be permitted, if he so chose, to present the questions as to whether Annie Snipes was a de facto free dealer, or a de jure free dealer, or whether or not she would be estopped to take advantage of her own failure to publish the final decree as ordered by the Court, or whether or not her failure to comply with a requirement of the decree would render the decree of emancipation void or voidable.

In view of the foregoing, the Court is of the opinion that the motion should be, and the same is hereby, denied in both of the cases, to wit, United States v. Snipes et al., No. 919–M, and United States v. Snipes et al., No. 920–M.