**UNITED STATES ex rel. COY v. UNITED STATES et al.**

**No. 19658.**

District Court, W. D. Kentucky, Owensboro Division.

May 9, 1941.

James E. Fahey, of Louisville, Ky., for petitioner.

Eli H. Brown, III, U. S. Atty., and J. D. Inman, Asst. U. S. Atty., both of Louisville, Ky., for the United States.

MILLER, District Judge.

This case is before me on motion of the petitioner Bernard Paul Coy to correct the sentence and judgment entered herein by the District Court on June 3, 1937.

The petitioner was indicted at the May, 1937, term of court at Owensboro, Kentucky, of the Western District of Kentucky for violating Sections 588b (a) and 588b (b), Title 12 U.S.C.A. dealing with robbery of a bank at New Haven, Kentucky, insured with the Federal Deposit Insurance Corporation. These sections as they existed on June 3, 1937, the date of the petitioner's conviction and sentence provided as follows:

"(a) Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

"(b) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both."

Only counts one and two of the indictment are pertinent to the present question. Count one charged a violation of Section

588b (a) and count two charged a violation of Section 588b (b). The defendant pleaded not guilty, was tried by a jury which returned a verdict of guilty. The court thereupon imposed a sentence on count one of twenty years and a fine of $100, and a sentence on count two of a year and a day and a fine of $100, with the provision that the two sentences should run consecutively. Petitioner contends by his present proceeding, filed on November 22, 1940, that the trial court erred in imposing a sentence under each count to be served consecutively, and that no sentence should have been imposed upon the first count because the robbery of the bank did not constitute a separate crime from that charged in count two for the purposes of punishment. It is contended that the two sentences violate the rights guaranteed to him by that portion of the Fifth Amendment to the Constitution of the United States that, "Nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." On motion of the petitioner the court appointed able counsel to represent him in this proceeding who has filed his brief in support of the petition.

The question presented is a close one. Petitioner's contention is directly and strongly supported by decisions from the Circuit Court of Appeals for the Fifth and Eighth Circuits. Durrett v. United States, 5 Cir., 107 F.2d 438; Hewitt v. United States, 8 Cir., 110 F.2d 1. It is also supported indirectly by the decision of the Circuit Court of Appeals for the Tenth Circuit in Casebeer v. United States, 87 F.2d 668. On the other hand, the Government's position that the two sentences are both valid is directly supported by the decision of the District Court for the Southern District of California in United States v. Harris, 26 F.Supp. 788. All of the foregoing cases deal with the identical statutes involved in the present case. The Government's position is also supported by the following cases dealing with statutes involving similar questions: Burton v. United States, 202 U.S. 344, 377, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Albrecht v. United States, 273 U.S. 1, 11, 47 S.Ct. 250, 71 L.Ed. 505; United States v. Noveck, 273 U.S. 202, 47 S.Ct. 341, 71 L.Ed. 610; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Fleisher v. United States, 6 Cir., 91 F.2d 404.

I have carefully read all of the foregoing authorities, but am of the opinion for the reasons hereinafter set out that the question presented is not one for the decision of this court.

I am of the opinion that this court does not have jurisdiction to correct or modify the judgment entered by a former District Judge of this District on June 3, 1937, in a proceeding filed for that purpose almost three and one-half years after the entry of the judgment and after the passage of six intervening terms of court. Although it is well settled that a court has inherent power to set aside or modify its judgments during the term of court in which the judgment was rendered, yet it is equally well settled that except for a few exceptional cases the court does not have such power after the expiration of the term in which the judgment is rendered. The question is thoroughly discussed and so decided by the Supreme Court in the cases of Bronson v. Schulten, 104 U.S. 410, 26 L.Ed. 797; Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013; United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 19, 59 L.Ed. 129. In the Mayer case the court said: "In the absence of statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term." (Citing cases in support).

It further said: "There are certain exceptions. In the case of courts of common law,—and we are not here concerned with the special grounds upon which courts of equity afford relief,—the court at a subsequent term has power to correct inaccuracies in mere matters of form, or clerical errors, and, in civil cases, to rectify such mistakes of fact as were reviewable on writs of error coram nobis, or coram vobis, for which the proceeding by motion is the modern substitute."

It summed its ruling with the following statement: "In view of the statutory and limited jurisdiction of the Federal district courts, and of the specific provisions for the review of their judgments on writ of error, there would appear to be no basis for the conclusion that, after the term, these courts in common-law actions, whether civil or criminal, can set aside or modify their final judgments for errors of law; * *."

It will be noticed that all three cases draw a possible distinction between errors

of law and errors of fact. The present case involves purely a question of law. The foregoing rule has been applied numerous times by other courts throughout the country, some of which decisions are as follows: Aderhold v. Murphy, Warden, 10 Cir., 103 F.2d 492; Pattison v. United States, 9 Cir., 2 F.2d 14; United States v. Luvisch, D.C., E.D.Mich., 17 F.2d 200; United States v. Ali, D.C., E.D.Mich., 20 F.2d 998; In re Lakebo, D.C., W.D.Wash., 34 F.Supp. 557; United States v. Peacock, D.C., S.D. Fla., 34 F.Supp. 557; Mallinger v. United States, 3 Cir., 82 F.2d 705.

The petitioner relies upon the following decision in support of his contention that this court has jurisdiction to grant the relief prayed for: Hammers v. United States, 5 Cir., 279 F. 265.

The opinion in this case used language to that effect, but the case was before the court on a writ of error to review judgments entered by the District Court. Likewise in the three cases referred to above which sustained the petitioner's contention on the question of law involved each case came before the Circuit Court of Appeals on an appeal from a District Court of the United States. See Hewitt v. United States, supra; Durrett v. United States, supra; Casebeer v. United States, supra. It is of course conceded that an erroneous judgment of the District Court can be corrected or modified by the Circuit Court of Appeals upon review by that court upon proceedings seasonably instituted, as were the facts in each of the cases referred to. Those cases do not hold that the District Court can modify its own judgment after the expiration of the term. Nor is petitioner's contention supported by the decisions in In re Bonner, 151 U.S. 242, 14 S. Ct. 323, 38 L.Ed. 149; In re Mills, 135 U.S. 263, 10 S.Ct. 762, 34 L.Ed. 107; In re Medley, 134 U.S. 160, 10 S.Ct. 384, 33 L.Ed. 835; United States v. Carpenter, 9 Cir., 151 F. 214, 9 L.R.A.,N.S., 1043, 10 Ann. Cas. 509; Bryant v. United States, 8 Cir., 214 F. 51. In each of those cases the question of law involved was raised by an application for a writ of habeas corpus. Possibly the question raised by the petitioner in this proceeding can likewise be raised by a proper application for a writ of habeas corpus, but the existence of such a remedy does not confer jurisdiction upon this court to decide the question in an entirely different kind of proceeding.

I find some authority holding that the general rule above referred to is not applicable in cases where the judgment shows upon its face that it is void and a nullity, in which event the District Court has jurisdiction to set it aside even after the term. Examples of this type of case are Mellon v. St. Louis Union Trust Co., 8 Cir., 240 F. 359; Farmers' & Merchants' Bank v. Arizona Mutual Savings & Loan Association, 9 Cir., 220 F. 1; United States v. Clatterbuck, D.C.Md., 26 F.Supp. 297. But the special circumstances existing in those cases do not appear to me to be applicable to the present case. The judgments imposed in the present case under counts one and two are not void judgments. The defendant was properly indicted, tried and convicted under separate statutes. He was properly before the court. The respective judgments were imposed under existing statutes. If any error was committed it was an error of law in holding both statutes applicable to the facts of the case. A plea of double jeopardy would have raised the issue the same as any other issue of law is raised by proper pleading for the court to pass upon.

In accordance with the foregoing views the petition herein will be dismissed for lack of jurisdiction in this court to pass upon the same.