## Ex parte ROBINSON.

District Court, N. D. Texas, Dallas Division.

April 25, 1942.

John A. Hicks, of Dallas, Tex., for petitioner.

Clyde Hood, Asst. U. S. Atty., of Dallas, Tex., for respondent.

ATWELL, District Judge.

This application was made some time ago, and an order was issued granting the writ, and setting the same down for hearing.

The United States Attorney was requested to notify the petitioner of the filing of his response, and to send him a copy of that response.

The writ was granted on the showing that the judge of the District Court of Utah, several months after the imposition of a year and a day sentence, set that judgment aside and imposed an eighteen-month sentence. Under the latter sentence the petitioner is held in the United States Hospital at Fort Worth.

The rule is that in the absence of a statute providing otherwise, a national court cannot set aside, nor alter, its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term. United States v. Mayer, 235 U.S. 55, 67, 35 S.Ct. 16, 59 L.Ed. 129.

The exception to this rule is that the court may, at a subsequent term, correct inaccuracies, or mere matters of form or clerical errors.

There appears to be no basis for the conclusion that after the term, in common law actions, whether civil or criminal, the court can set aside, or modify, a final judgment for errors of law.

The court is without power to so act, even with the consent of the United States Attorney. There was simply no jurisdiction. Final judgment of conviction had been entered and sentence had been imposed. That judgment was subject to review in an appellate court, but so far as the trial court was concerned, it was a finality. The subsequent proceeding was, in effect, a new proceeding, which, by reason of its character, invoked an authority not possessed. Hence, the consent of the prosecuting officer could not alter the case. He could not dispense power to give, or to withhold, jurisdiction.

In United States ex rel. Coy v. United States, D.C., 38 F.Supp. 610, in a slightly different cause, but citing the Mayer case, Judge Miller finds additional authority supporting the rule.

The District Court cannot modify its own judgment after the expiration of the term.

The petitioner was convicted by a jury in the northern district of Utah, at Ogden, in November, 1941. That term began in September. He was sentenced to a year and a day. He was then liberated to the custody of his attorney, that he might look after some personal matters, and on January 2, 1942, he was returned to the jail at Salt Lake City, and began the service of his sentence.

On January 12, 1942, the United States Attorney had information that the defendant was a user of narcotics, and he conferred with the defendant's attorney, and they both went to the court, making this fact known.

The defendant was taken into court at Salt Lake City, where that term had begun, the Ogden division judgment set aside, and a new sentence of eighteen months was entered. It is that eighteen months that he is now serving.

We thus see that his first sentence is, and was, legal, and the second sentence is, and was, illegal.

He is remanded to the custody of the authorities at the United States Hospital at Fort Worth, Texas, for the completion of the first sentence.