## UNITED STATES EX REL. COY v. UNITED STATES ET AL.

No. 973. Argued May 4, 5, 1942.—Decided May 25, 1942.

*Mr. James E. Fahey* for petitioner.

*Mr. H. G. Ingraham,* with whom *Solicitor General Fahy* and *Assistant Attorney General Berge* were on the brief, for respondents.

PER CURIAM.

In 1937, petitioner was tried and convicted on an indictment charging him with violation of §§ 2 (a) and (b) of the Act of May 18, 1934, 12 U. S. C. § 588(b), which respectively define the offenses (a) of taking or attempting to take by force from any person money or property belonging to a bank insured with the Federal Deposit Insurance Corporation, and (b), in the commission of such offense, assaulting any person, or putting in jeopardy the life of any person by use of a dangerous weapon.

The first count of the indictment charged the forcible taking of money of the bank from the person of another. The second count charged the same taking by use of a dangerous weapon, and the third alleged a conspiracy of petitioner with others to commit the offenses set out in the first two counts. Petitioner was sentenced to twenty years imprisonment on count one, and a year and a day on each of counts two and three, the three sentences to run consecutively. He took no appeal, but two years later moved in the trial court to set aside the sentence on the first count on the ground that the offense charged in the first was included in that charged in the second. The District Court denied the motion, holding that its jurisdiction of the cause ended with the term of court in which petitioner was sentenced. 38 F. Supp. 610.

After the lapse of more than the five days prescribed by Rule III of the Rules in Criminal Cases, but less than the three months prescribed by § 8 (c) of the Act of February 13, 1925, 28 U. S. C. § 230, petitioner filed a notice of appeal and asked leave to appeal *in forma pauperis*, which the District Court allowed. The Circuit Court of Appeals affirmed the order denying petitioner's application "upon the grounds and for the reasons set forth in the opinion of the District Judge." 124 F. 2d 1019. We granted certiorari on a petition filed more than thirty days after the entry of judgment by the court below, and requested counsel, in presenting the case here, to discuss the questions whether the time for appeal to the Circuit Court of Appeals and for petition for certiorari to this Court are governed by the Rules in Criminal Cases, and if not what statute applies.

Rule XI of the Criminal Rules provides that "Petition to the Supreme Court of the United States for writ of certiorari to review a judgment of the appellate court shall be made within thirty (30) days after the entry of the judgment of that court." If the judgment of the Court of Appeals is one to which Rule XI applies, the petition for certiorari was filed too late and we are without jurisdiction. Petitioner insists that the present proceeding is one not embraced in the Criminal Rules since they make no provision governing the appeal from the order of the District Court; that, consequently, certiorari to review the judgment of the Circuit Court of Appeals, as in other proceedings not within the Criminal Rules, is governed by § 8 (a) of the Act of February 13, 1925, as amended, 28 U. S. C. § 350, which allows three months for filing the petition. Cf. *Nye* v. *United States*, 313 U. S. 33, 43–44.

The Criminal Rules were promulgated by this Court, 292 U. S. 661, pursuant to the Act of March 8, 1934, 18 U. S. C. § 688, which authorized the Court to adopt "rules

of practice and procedure with respect to any or all proceedings after verdict, or finding of guilt by the court if a jury has been waived, or plea of guilty, in criminal cases in district courts of the United States." The statute expressly authorized the Court to "prescribe the times for and manner of taking appeals and applying for writs of certiorari." In adopting the rules it was the purpose of this Court to expedite appeals in criminal proceedings; and, as declared in its order promulgating them, they were to apply "in all proceedings" after pleas or verdict or finding of guilt and "in all subsequent proceedings in such cases in the United States Circuit Courts of Appeals . . . and in the Supreme Court of the United States."

The failure to provide in Rule III or elsewhere for appealing an order like the present from the District Court to the Circuit Court of Appeals is a *casus omissus* which left in full force § 8 (c) of the Judiciary Act of February 13, 1925, 28 U. S. C. § 230, which requires application for the allowance of appeals to the Circuit Court of Appeals to be made within three months after the entry of the order appealed from. But the judgment of the Circuit Court of Appeals in this case is a judgment in a criminal proceeding after verdict and judgment of conviction, and the petition for certiorari to review the judgment is a "subsequent proceeding" in such a case to which Rule XI specifically applies.

We see no reason for excepting the petition for certiorari from the thirty-day limitation of Rule XI merely because the draftsmen omitted to provide in Rule III for an appeal from the order of the District Court in cases like the present. On the contrary, since the purpose in adopting the Rules was to expedite criminal appeals, and the Rules in terms apply to petitions for certiorari in criminal cases, the express requirements of Rule XI cannot rightly be disregarded even though the general purpose was not

made completely effective because of the failure to provide a short period for appeal from the order of the District Court. Despite this omission, Rule XI has made the purpose effective in the case of review by certiorari in this Court.

The writ will accordingly be dismissed for failure to comply with Rule XI. We have no occasion to pass on the question whether the District Court's denial of the application, on a ground which the Government suggests was erroneous, will bar a subsequent application to the District Court for similar relief.

*Dismissed.*