## UNITED STATES v. COY.

### No. 19658.

District Court, W. D. Kentucky.

June 16, 1942.

Eli H. Brown, III, Dist. Atty., and J. D. Inman, Asst. Dist. Atty., both of Louisville, Ky., for plaintiff.

James E. Fahey, Jr., of Louisville, Ky., for defendant.

MILLER, District Judge.

The defendant Bernard Paul Coy filed his petition in this action on November 22, 1940 praying that the District Court correct the sentence and judgment entered on June 3, 1937. The petition was dismissed on May 9, 1941. The matter is before me again on another application for the correction of the sentence imposed. The defendant was indicted in May, 1937, for violating Sections 588b(a) and 588b(b), Title 12 U.S.C.A., dealing with robbery of a bank at New Haven, Kentucky, insured

with the Federal Deposit Insurance Corporation. After a plea of not guilty he was tried by a jury which returned a verdict of guilty. The Court imposed a sentence on Count 1 of twenty years and a fine of $100, and a sentence on Count 2 of a year and a day and a fine of $100, with the provision that the two sentences should run consecutively. In his petition filed on November 22, 1940, the defendant contended that the trial court erred in imposing a sentence under each count of the indictment to be served consecutively in that such sentences constituted double punishment for the same offense and so violated the rights guaranteed to him by the Fifth Amendment of the Constitution of the United States. In dismissing that petition the District Court held that it did not have jurisdiction to correct or modify a judgment entered by a former District Judge approximately three and one-half years prior thereto, and after the passage of six intervening terms of court. The authorities in support of that position were set out and discussed in the Court's opinion reported in United States ex rel. Coy v. United States, D.C., 38 F.Supp. 610. The Circuit Court of Appeals affirmed the order of the District Court "upon the grounds and for the reasons set forth in the opinion of the District Judge." 6 Cir., 124 F.2d 1019. Certiorari was granted by the Supreme Court on April 13, 1942, 316 U.S. 652, 62 S.Ct. 1033, 86 L.Ed. ——, following which the writ was dismissed on May 25, 1942, 62 S.Ct. 1137, 1139, 86 L.Ed. ——, for failure to comply with Rule XI of the Criminal Rules, 18 U.S.C.A. following section 688. Rule XI provides that "petition to the Supreme Court of the United States for writ of certiorari to review a judgment of the appellate court shall be made within thirty (30) days after the entry of the judgment of that court." The per curiam opinion of the Supreme Court closed with this paragraph: "The writ will accordingly be dismissed for failure to comply with Rule XI. We have no occasion to pass on the question whether the district court's denial of the application, on a ground which the Government suggests was erroneous, will bar a subsequent application to the district court for similar relief."

On June 2, 1942, the defendant filed the present application for correction of the sentence of June 3, 1937, in which he asked the District Court "to vacate and set aside the judgment and sentence of this court imposed upon him in this proceeding on June 3, 1937, and to resentence the defendant in conformity to the statute under which he was adjudged guilty."

The present application prays for the same relief that was asked by the petition filed herein on November 22, 1940, which has been heretofore dismissed by the Court. It is possible that the Court's previous order of May 9, 1941, dismissing the defendant's petition is decisive of this case, and having been affirmed by the Circuit Court of Appeals and the writ of certiorari having been dismissed by the Supreme Court the matter is closed. The per curiam opinion of the Supreme Court recognizes that possibility, as well as the possibility that the previous ruling may not be a bar to the present application. I will not attempt in the present ruling to pass upon that point, inasmuch as I am of the opinion that this Court lacks jurisdiction to consider the present application to the same extent as it lacked jurisdiction to consider the application filed on November 22, 1940. The Court adheres to the views expressed in its former opinion reported in 38 F.Supp. 610 and affirmed by the Circuit Court of Appeals 6 Cir., in 124 F.2d 1019.

The case developed an unusual aspect, since its hearing in the District Court and in the Circuit Court of Appeals. In opposing the petition for writ of certiorari and in asking that the writ be thereafter dismissed, counsel for the Government conceded that the District Court had jurisdiction notwithstanding the expiration of the term, and that the rulings of both the District Court and the Circuit Court of Appeals based on that ground were erroneous. They urged upon the Court that the ruling be affirmed, however, upon a new ground advanced for the first time in the Supreme Court. In view of the present rulings of the Supreme Court, I do not believe that this concession should be adopted or followed by me in the present reconsideration of the matter. The rule relied on and followed denying jurisdiction in such a situation was laid down by the Supreme Court in the cases of Bronson v. Schulten 104 U.S. 410, 26 L.Ed. 797; Phillips v. Negley 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013 and United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129. It has been cited with approval by the Supreme Court twice since. Kroger Grocery & Baking Company v. Yount, 287 U.S. 574, 53 S.Ct. 120, 77 L.Ed. 504; Commis-

sioner of Internal Revenue v. Independent Life Insurance Co., 288 U.S. 592, 53 S.Ct. 399, 77 L.Ed. 970. In addition to the authorities to the same effect referred to in 38 F.Supp. 610, the Supreme Court's ruling in United States v. Mayer, supra, has been cited with approval by the following decisions from various Circuit Courts of Appeals: Montgomery v. Realty Acceptance Corp., 3 Cir., 51 F.2d 642, 643; Taliaferro v. Carter, 63 App.D.C. 304, 72 F. 2d 172; Maryland Casualty Co. v. Cox, 6 Cir., 104 F.2d 354, 357; Acker v. H. Herfurth Jr., Inc., 71 App.D.C. 241, 110 F.2d 241, 244; Windholz v. Everett, 4 Cir., 74 F.2d 834, 837; Sun Indemnity Co. v. United States, 3 Cir., 91 F.2d 120, 121; United States v. Capone, 7 Cir., 93 F.2d 840, 841. The concession by Government counsel appears to have been based largely upon the fact that the rule has been abolished in civil cases by Rule 6(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and that exceptions to it have been established in criminal cases where the sentence was attacked as being void. But the present case is not a civil case, and I do not find that United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129, has at any time been overruled or modified insofar as it deals with criminal cases. In my opinion the sentence which we are asked to modify is not a void sentence. Its alleged invalidity is based upon the fact that it violated the rule against double jeopardy. But this does not mean that the sentence is void. It is well settled that the constitutional immunity from second jeopardy is a personal privilege which the defendant may waive and that waiver will be implied where the defendant pleads not guilty and proceeds to trial, verdict and judgment without raising the issue. The defense can not be raised for the first time by a motion in arrest of judgment or by motion for a new trial or on appeal. Brady v. United States, 8 Cir., 24 F.2d 399; Blair v. White, 8 Cir., 24 F.2d 323; Levin v. United States, 9 Cir., 5 F.2d 598; Callahan v. United States, 10 Cir., 35 F.2d 633; Curtis v. United States, 10 Cir., 67 F.2d 943; Bracey v. Zerbst, 10 Cir., 93 F. 2d 8; Caballero v. Hudspeth, 10 Cir., 114 F.2d 545; McGinley v. Hudspeth, 10 Cir., 120 F.2d 523. The District Court had jurisdiction over the defendant and his acts which gave rise to the indictment; it is not claimed that the statute is unconstitutional; the plea of double jeopardy, if it existed, was waived; no question is raised as to the defendant having been afforded a fair and impartial trial, or being deprived of any right guaranteed by the Constitution. Accordingly, the sentence is a valid one and in no sense void as were the sentences in the cases referred to. If the well established and long adhered to rule announced by the Supreme Court in United States v. Mayer, supra, is to be changed in this case, it is obviously for the Supreme Court to make that change and not one to be made by the District Court.

Defendant's application of June 2, 1942, for correction of the sentence entered on June 3, 1937, is accordingly overruled and dismissed.