818

## COY v. JOHNSTON, Warden.
### No. 10320.

Circuit Court of Appeals, Ninth Circuit.
June 25, 1943.

Rinaldo Sciaroni, Jr., of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

The appeal herein is taken from an order of the lower court denying appellant's petition for a writ of habeas corpus. The application alleged the appellant was confined in the United States Penitentiary at Alcatraz, California, under the sentences imposed by the District Court of the United States for the Western District of Kentucky. It is alleged that appellant, along with others, was indicted on March 26, 1937, charged with violation of certain sections of the criminal code of the United States; that there were three indictments and that he was found guilty on all counts by the jury and sentenced by the trial judge; that the sentences were to run consecutively; that the said sentences totalled 26 years and 6 days and $700. Twenty years of the total period of imprisonment were imposed upon the first count of Indictment No. 19658. The appellant alleges that he has served time for a period equivalent to the sum of all the lesser sentences, and inasmuch as the first count of Indictment No. 19658 should be held to merge into the second count and the sentence of twenty years thereon cancelled, appellant has more than served the legal portion of the sentences and should be released.

We are concerned here only with the sentences imposed for conviction on the indictment in Case No. 19658. Count one of that indictment charged Coy with violation of Section 588b (a) of Title 12 U.S.C.A., and count two charged violation of Section 588b (b) of Title 12 U.S.C.A.; the third count, the conspiracy count, charged violation of Section 88, Title 18 U.S.C.A. The statute controlling count one, Section 588b (a), Title 12 U.S.C.A., reads as follows: "(a) Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."

The statute upon which count two of the same indictment is based is § 588b (b),

which reads as follows: "(b) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both."

It is to be observed that the latter subdivision includes in addition to those elements in subdivision (a) of § 588b assault, the putting "in jeopardy the life of any person by the use of a dangerous weapon or device," and that it provides for a greater maximum punishment.

On June 3, 1937, Coy was sentenced under Indictment No. 19658 to 20 years and to pay $100 on count one, and one year and a day and a fine of $100 on count two. Upon commitments issued on the various sentences of the different indictments he was delivered to the penitentiary.

On November 22, 1940, he filed a motion in the District Court where he had been tried and sentenced to set aside the sentences under Indictment No. 19658 in which he alleged that "the court erred in imposing a sentence under each count to be served consecutively and that no sentence should have been imposed upon the first count because the robbery of the bank did not constitute a separate crime from that charged in count two for the purposes of punishment." United States ex rel. Coy v. United States, D.C., 38 F.Supp. 610. He contended that the two sentences violated the rights guaranteed to him by that portion of the Fifth Amendment to the Constitution of the United States that, "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb," and prayed that the court correct the sentence theretofore imposed.

The court held that the sentence could not be corrected in proceedings filed after 3½ years of the date of judgment and after passage of six intervening terms of court, and that the error, if any had been committed, was one of law that could have been raised by plea of double jeopardy.

On June 2, 1942, the petitioner filed another application in the same trial court for correction of the said sentence in which he asked the trial court "to vacate and set aside the judgment and sentence of this court imposed upon him in this proceeding

on June 3, 1937, and to resentence the defendant in conformity to the statute under which he was adjudged guilty." United States v. Coy, D.C., 45 F.Supp. 499, 500. In the course of its opinion, the court made the following pertinent remarks: "It is well settled that the constitutional immunity from second jeopardy is a personal privilege which the defendant may waive and that waiver will be implied where the defendant pleads not guilty and proceeds to trial, verdict and judgment without raising the issue. The defense can not be raised for the first time by a motion in arrest of judgment or by motion for a new trial or on appeal."

Thereafter, appellant made the application for a writ of habeas corpus to the District Court for the Northern District of California, Southern Division, which was denied.

Briefly summarized, appellant's contention is that the sentence of twenty years on the first count was merged in the sentence of one year on the second count and was automatically cancelled thereby and that having served a period of time equivalent to the term of the sentence on the second count he must now be released.

The appellee contends that since the judgment and sentence on the first count is proper, until appellant serves that sentence he is not entitled to be discharged on habeas corpus. In support of this contention, we are cited to McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 75 L.Ed. 1392; and Johnson v. Aderhold, 5 Cir., 73 F.2d 102.

The appellant contends that Section 588b (a) and 588b (b), supra, merely prescribe the degrees of the crime of bank robbery and that, although he was convicted on counts charging violations of both subsections, the twenty year sentence on the lesser degree is void because he could only be sentenced for the greater offense.

It has been held that the offense of robbery by use of a deadly weapon as defined in § 588b (b) is the same offense described in § 588b (a) aggravated by the use of a deadly weapon, and that it was not intended that such sections should define two separate offenses but that it was intended to set out robbery in its degrees. Durrett v. United States, 5 Cir., 107 F.2d 438; Wells v. United States, 5 Cir., 124 F.2d 334; Hewitt v. United States, 8 Cir., 110 F.2d 1.

While there are some well considered and able opinions that hold or indicate that these separate paragraphs (a) and (b) of § 588b, Title 12 U.S.C.A., should not be construed as providing punishment for but a single offense we should feel bound on this point to follow the decision of this court in Dimenza v. Johnston, Warden, 9 Cir., 130 F.2d 465. But in our opinion and for reasons hereafter set forth we do not regard it necessary to pass upon this question in this proceeding.

However, it is well to point out that in those cases which have come before the appellate courts where it was held a merger had occurred the trial court had there imposed sentences for violation of § 588b (a) and § 588b (b) separately. Invariably, the combined terms of these separate sentences aggregated a longer term of imprisonment than the statute prescribed for either offense defined. This is illustrated by Dimenza v. Johnston, Warden, supra; Wells v. United States, supra; Durrett v. United States, supra; Hewitt v. United States, 8 Cir., 110 F.2d 1.

Another fact characteristic of these cases is that the shorter sentence was for violation of Section 588b (a) but here we have the opposite situation—the longer sentence being on the count for the lesser degree of the offense. It is obvious from the reading of all the sentences that it was the intent of the trial court to sentence the defendant for the crimes committed under § 588b for the aggregate period of not less than 21 years and it was not contemplated that the defendant could be released at the end of one year and one day. It should also be kept in mind that the aggregate of the terms of the sentence is less than what could have been imposed on the second count for violation of § 588b (b). It may well be the lower court denied the petition for habeas corpus because the intent of the trial court was clear and the penalties imposed were less than could be inflicted for the violation of law of which petitioner was found guilty by a jury.

█ It is not without significance that petitioner is here insisting that the sentence on the second count which is for the short term and an inadequate term is valid while at the same time he insists that the sentence for the longer term is invalid. He thus adroitly seeks to set the sentence on one count against the other for his own advantage. As the court said in King v. United States, 69 App.D.C. 10, 98 F.2d 291,

296: "Sentencing should not be a game in which a wrong move by the judge means immunity for the prisoner."

The Supreme Court of the United States in Re Bonner, 151 U.S. 242, 260, 14 S.Ct. 323, 327, 38 L.Ed. 149, made use of this pertinent language: "The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence." Again, the court said: "The judges of all courts of record are magistrates, and their object should be, not to turn loose upon society persons who have been justly convicted of criminal offenses."

█ In our opinion, the determination of the lower court must be upheld in that it does not conflict with the opinions in those cases relied upon by appellant above noted.

Here, the petitioner himself has brought up for consideration the question of validity of these sentences and we are required to pass thereon.

"A judgment may be erroneous and not void, and it may be erroneous because it is void. The distinctions between void and merely voidable judgments are very nice, and they may fall under the one class or the other as they are regarded for different purposes." Ex Parte Lange, 18 Wall. 163, 172, 173, 85 U.S. 163, 172, 173, 21 L. Ed. 872.

█ The sentence imposed under the second count of the indictment was for one year and one day and $100. The statute specifically prescribes that the offender against this subsection "shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both," but here the court has imposed sentence on count two for the violation of § 588b (b) for a term expressly inhibited by the statute, and the same is invalid. The court is without authority to impose this term of sentence and the same must be vacated and set aside.

This leaves as the only question for our consideration the sentence on count one imposed for violation of § 588b (a). The petitioner was charged with violation of the statute; the jury found him guilty; and the sentence pronounced for the offense was within the power of the court to impose. It was for no greater period than

that warranted by the offense or provided for by law. Justice and common sense alike would appear to require that it be upheld.

The order of the District Court is affirmed.

HANEY, Circuit Judge, did not participate in the consideration or the decision of the case.