**UNITED STATES v. COY.**

No. 19658.

District Court, W. D. Kentucky,
at Louisville.

Nov. 18, 1944.

———◇———

Eli H. Brown, III, U. S. Atty., of Louisville, Ky., and David C. Walls, Asst. U. S. Atty., of Hardinsburg, Ky., for plaintiff.

James E. Fahey, of Louisville, Ky., for defendant.

MILLER, District Judge.

The defendant, Bernard Paul Coy, previously sentenced in this action on June 3, 1937, has filed a pleading styled "Defendant's Verified Motion to Vacate Sentence" in which he asks that the sentence of 20 years and a fine of $100 imposed on count 1 of the indictment returned herein be vacated, set aside, and held for naught.

The defendant was indicted in this court on May 3, 1937, for violation of Sections 2(a) and (b) of the Act of May 18, 1934, 12 U.S.C.A. § 588(b), which respectively define the offense (a) of taking or attempting to take by force from any person money or property belonging to a bank insured with the Federal Deposit Corporation, or (b) in the commission of such offense, assaulting any person, or putting in jeopardy the life of any person by use of a dangerous weapon. The first count of the indictment charged the forcible taking of money of the bank from the person of another. The second count charged the same taking by use of a dangerous weapon. Following a plea of not guilty the defendant was tried and found guilty. On June 3, 1937, he was sentenced to 20 years' imprisonment and a fine of $100 on count 1 and a year and a day imprisonment and a fine

of $100 on count 2, said sentences to be served consecutively. No appeal was taken. On November 22, 1940, he moved this Court to set aside the sentence on the first count on the ground that the offense charged therein was included in the offense charged in the second count. This Court denied the motion, holding that its jurisdiction of the cause ended with the term of court in which the petitioner was sentenced. United States ex rel. Coy v. United States, D.C., 38 F.Supp. 610. On appeal from this ruling the Circuit Court of Appeals for this Circuit affirmed the order of the District Court, "upon the grounds and for the reasons set forth in the opinion of the District Judge." United States ex rel. Coy v. United States, 6 Cir., 124 F.2d 1019. The defendant then sought and was granted certiorari on a petition filed more than 30 days after the entry of judgment of the Circuit Court of Appeals. The Supreme Court held that Rule XI of the Criminal Rules, 18 U.S.C.A. following section 688, governed the petition for certiorari, that under those rules the defendant's petition was not timely filed, and therefore the Supreme Court was without jurisdiction in the matter. United States ex rel. Coy v. United States, 316 U.S. 342, 62 S.Ct. 1137, 1139, 86 L.Ed. 1517. In the concluding paragraph of its opinion the Supreme Court said: "The writ will accordingly be dismissed for failure to comply with Rule XI. We have no occasion to pass on the question whether the district court's denial of the application, on a ground which the Government suggests was erroneous, will bar a subsequent application to the district court for similar relief."

Acting upon that suggestion the defendant thereafter on June 2, 1942, filed a new application to vacate and set aside the judgment and sentence of this court. The District Court adhered to the views expressed in its first opinion, which had in the meantime been affirmed by the Circuit Court of Appeals, and denied the defendant's second application. United States v. Coy, D.C., 45 F.Supp. 499. The defendant again appealed from this ruling to the Circuit Court of Appeals, and while this appeal was pending instituted a habeas corpus proceeding in the United States District Court for the Northern District of California, in which he raised substantially the same issue as was presented in the pending appeal in the United States Circuit Court of Appeals for the Sixth Circuit. He thereafter dismissed his appeal in the Sixth Circuit. The District Court for the Northern District of California denied the writ of habeas corpus, and on the defendant's appeal from that ruling the Circuit Court of Appeals for the Ninth Circuit on June 25, 1943, affirmed that order. Coy v. Johnston, 136 F.2d 818. Defendant has now returned to this court with his third application to vacate the sentence.

The defendant's present application results from the ruling of the Circuit Court of Appeals for this Circuit in Lockhart v. United States, 6 Cir., 136 F.2d 122, decided on June 4, 1943. In that decision the Court reversed its previous ruling in United States ex rel. Coy v. United States, 6 Cir., 124 F.2d 1019, and held that the District Court did have jurisdiction to consider such an application even though made after the expiration of the term at which the defendant was sentenced. This new ruling was in accordance with a recent statement of the Supreme Court in its opinion in Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392. The same statute as is now under consideration was involved in the Lockhart case, and the court there ruled, in accordance with several decisions therein referred to, that the statute created only one crime, and that in the two subdivisions of the statute Congress did not intend to define two separate offenses, but only one, either aggravated or not. This ruling was followed and applied by Judge Mac Swinford of this District in United States v. Bruce, D.C., 52 F.Supp. 150, in which a defendant's application to correct the judgment in that case was sustained. Accordingly, the defendant in his present application relies upon the decision in the Lockhart case as giving this court jurisdiction to correct the sentence and as holding that the two sentences under the same statute could not both stand.

The new ruling of the Circuit Court of Appeals is of course controlling in the consideration of defendant's present application. This Court therefore assumes jurisdiction to consider the application on its merits. Its previous rulings denying defendant's first and second applications which sought the same relief on the same grounds as now advanced do not constitute any bar to a third consideration of the same question. The matter is not res judicata in that those rulings were based

upon jurisdictional grounds and were not rulings upon the merits. Hughes v. United States, 4 Wall. 232, 18 L.Ed. 303; Smith v. McNeal, 109 U.S. 426, 3 S.Ct. 319, 27 L.Ed. 986; Batman v. Louisville Gas & Electric Co., 187 Ky. 659, 665, 666, 220 S.W. 318.

■ The Government's contention that a further consideration by this Court of the same question is now barred by reason of the ruling of the District Court for the Northern District of California, which has become final with its affirmance by the Circuit Court of Appeals for that Circuit, is not supported by the authorities. At common law the doctrine of res judicata did not extend to a decision in a habeas corpus proceeding refusing to discharge the prisoner. Salinger v. Loisel, 265 U.S. 224, 230, 44 S.Ct. 519, 521, 68 L.Ed. 989; Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999. See also McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

■ But irrespective of the fact that the ruling of the District Court for the Northern District of California does not make the matter res judicata, that ruling, and the opinion of the Circuit Court of Appeals for the Ninth Circuit which affirmed the ruling, are very persuasive authorities on the question now presented. The Circuit Court of Appeals had before it for consideration the identical judgment that is now attacked in this court, and the defendant is here raising the same points as he unsuccessfully raised and argued in that proceeding. The facts and legal questions involved are not merely similar; they are identical. Although an appellate ruling from that Circuit is not binding upon a District Court in this Circuit, yet in the absence of any contrary ruling by any other Circuit Court of Appeals, it should have strong weight. That Court held that the sentence on count 2 was invalid because it imposed a prison term of only a year and a day, when the minimum term provided by Section 588b(b) of the Statute was 5 years, and accordingly must be vacated and set aside. That having been done, the only remaining sentence is the 20 years' sentence under count 1. After discussing the question involved from a very practical and common sense viewpoint, that opinion concludes with this statement [136 F.2d 850]:

"This leaves as the only question for our consideration the sentence on count one imposed for violation of § 588b(a). The petitioner was charged with violation of the statute; the jury found him guilty; and the sentence pronounced for the offense was within the power of the court to impose. It was for no greater period than that warranted by the offense or provided for by law. Justice and common sense alike would appear to require that it be upheld."

■■ Although the view of the Court in that opinion was that the sentence on count 2 was invalid and must be vacated and set aside, yet authority for that Court to enter any order to that effect in a habeas corpus proceeding is probably lacking. McNally v. Hill, 293 U.S. 131, 55 S. Ct. 24, 79 L.Ed. 238. Any correction of an illegal sentence can probably be made only by the same Court in which the sentence was originally given. Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392; Lockhart v. United States, 6 Cir., 136 F.2d 122, 124. On the authority of Coy v. Johnston, supra, and in accordance with the reasons and views of the Circuit Court of Appeals for the Ninth Circuit in that case, the judgment previously entered in this action on June 3, 1937, is corrected by holding invalid and vacating the sentence imposed upon count 2 of the indictment, leaving in full force and effect the sentence imposed at said time upon count 1 of said indictment. In all other respects the application of the defendant is denied.