**COY v. UNITED STATES.**
No. 10112.

Circuit Court of Appeals, Sixth Circuit.
Jan. 14, 1946.

James F. Wheeler, of Louisville, Ky. (James E. Fahey and James F. Wheeler, both of Louisville, Ky., on the brief), for appellant.

David C. Walls, of Louisville, Ky. (David C. Walls and A. Roy Copeland, both of Louisville, Ky., on the brief), for appellee.

Before HICKS, SIMONS, and MARTIN, Circuit Judges.

SIMONS, Circuit Judge.

This appeal is another thread in the tangled web woven by the appellant in his effort to mitigate punishment imposed for bank robbery in violation of Title 12 U.S.C.A. § 588b. He was found guilty on June 19, 1937, of all three counts of an indictment which charged him (1) with the commission of the offense defined by subdivision (a) of the section, in taking or attempting to take by force money or property belonging to a bank insured by the Federal Deposit Insurance Corporation, (2) which charged under subdivision (b) of the same section that in the commission of the offense he assaulted or put in jeopardy the life of a person by use of a dangerous weapon, and (3) which charged him with conspiring to defraud the United States in violation of Title 18 U.S.C.A. § 88. He

was sentenced to 20 years' imprisonment and fined $100 on count 1; to imprisonment for a year and a day and a fine of $100 on count 2, and to a like term and fine on count 3, the prison sentences to be cumulative and not concurrent. He did not appeal.

On November 22, 1940, the appellant moved in the district court that the sentence on the first count be set aside on the ground that the offense there charged was included in the offense charged in the second count. The motion was overruled because the court assumed it had no jurisdiction after expiration of the term. United States ex rel. Coy v. United States, D. C., 38 F.Supp. 610. We affirmed for the same reason, 124 F.2d 1019. The Supreme Court granted a writ of certiorari, 316 U.S. 652, 62 S.Ct. 1033, 86 L.Ed. 1733, but dismissed it when it discovered that it had not been filed within the 30-day limitation of Rule XI of the Criminal Rules 18 U.S.C.A. following section 688. 316 U.S. 342, 62 S.Ct. 1137, 86 L.Ed. 1517. Thereafter, on June 2, 1942, appellant filed a new application in the district court, to vacate the judgment and sentence. The court, still assuming it had no jurisdiction, denied it. United States v. Coy, D. C., 45 F.Supp. 499. Appellant again sought review here, but while his appeal was pending instituted habeas corpus proceedings in the District Court for the Northern District of California, and dismissed his appeal. The California District Court denied his petition, whereupon the appellant sought review in the Circuit Court of Appeals for the Ninth Circuit, which affirmed the judgment. Coy v. Johnston, 136 F.2d 818.

In the meanwhile Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392, had been decided, wherein it was pointed out that one seeking relief from an invalid sentence should apply to the sentencing court for vacation of the sentence, and impliedly that this may be done notwithstanding the running of the term. In conformity with what was there said we held, in Lockhart v. United States, 6 Cir., 136 F.2d 122, that a district court may entertain an application to correct a sentence after the expiration of the term at which it was imposed. Guided by these decisions the appellant returned to the District Court

for the Western District of Kentucky, in 1944, with his third application to correct the sentence. The district court assumed jurisdiction, considered the application and decided that the sentence imposed on count 2 of the indictment was illegal and void because it was for a prison term of a year and a day when the minimum provided by subdivision (b) for the aggravated offense defined in § 588b, was five years. It entered an order setting it aside, 57 F.Supp. 661, and from such order an appeal was sought by petition in forma pauperis. We denied the petition on the ground that being unable to determine the precise nature of appellant's grievance, we could not determine whether the appeal presented a meritorious question of law. Upon petition to the Supreme Court by the appellant, for writ of certiorari, our order of denial was, on June 16, 1945, vacated and the cause remanded to this court for appropriate disposition of the appeal. 325 U.S. 841, 65 S.Ct. 1581, 89 L.Ed. 1966.

We have now heard argument upon it, ably presented orally and in brief, by counsel appointed for the appellant by the district judge. We are without aid of any brief from the United States Attorney who, of course, did not represent the government originally. The interest of the appellant, the public interest and the specific command of the statute, counsel expedition, and so we proceed to adjudication.

■ It is now beyond controversy that § 588b creates and defines but a single offense. It was so conceded by the government in Holiday v. Johnston, supra, and is established by the following cases: Lockhart v. United States, supra; Durrett v. United States, 5 Cir., 107 F.2d 438; Wells v. United States, 5 Cir., 124 F.2d 334; Hewitt v. United States, 8 Cir., 110 F.2d 1; Dimenza v. Johnston, 9 Cir., 130 F.2d 465; McDonald v. Moinet, 6 Cir., 139 F.2d 939. As elucidated in the several cases, the offense of bank robbery by the use of deadly weapons, as defined in subdivision (b), is the same offense described in subdivision (a) aggravated by the use of a deadly weapon, though it has sometimes been said that where the several degrees of the offense are charged in two counts as separate offenses, the lesser degree is merged in the greater.

Based upon these concepts the appellant's position is that the court below should have held the sentence imposed upon the first count of the indictment, void, and should have set it aside. It should likewise have set aside the sentence on the second count because the statute does not permit as punishment for the aggravated offense a sentence of a year and a day, the statutory penalty being a prison sentence of not less than five nor more than twenty-five years. The sentence imposed being void, we are urged to remand the case to the district court for the purpose of resentence on count 2, and to direct that the appellant be brought to the district court from the federal penitentiary, where he is now confined, for the imposition of the corrected sentence.

█ The problem need not long detain us. Upon the first two counts of the indictment the court was empowered to impose but one sentence. The statute did not restrict the right of the court to impose sentence under any particular subdivision of § 588b in case of conviction for more than one degree of the offense. Holbrook v. United States, 8 Cir., 136 F.2d 649. The constitutional prohibition against double punishment for a single crime, protects the defendant from separate sentences on each of the several degrees of the crime. And, as pointed out in the Holbrook case, the decisions which have indicated that the lesser degree of the offense is merged with the greater, where both are charged in separate counts, must be read in the light of the practical fact that the sentences in such cases imposed were greater, upon the aggravated charge, than the other, and the only responsibility of the court in reviewing such sentences is to vindicate the defendant's right under the Fifth Amendment, against double jeopardy or punishment.

█ We have here a valid sentence of twenty years under count one of the indictment. No insufficiency in the allegations of the count are pointed to. The jury convicted. There was no appeal and it must be considered as irrevocably established that the evidence supported the verdict. The sentence imposed was within the terms of the statute. We are asked to set it aside because, upon another count of the indictment, an invalid sentence was imposed which has now been set aside. The argument directed to that result cannot be accepted.

The Ninth Circuit Court of Appeals in Coy v. Johnston, supra [136 F.2d 821], reviewing the same problem presented by the same appellant, said, "Justice and common sense alike would appear to require that it be upheld." In In re Bonner, 151 U.S. 242, 260, 14 S.Ct. 323, 327, 38 L.Ed. 149, the Supreme Court declared, "The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established by regular verdict, is to escape punishment altogether because the court committed error in passing the sentence." Of similar import was the observation of the court in King v. United States, 69 App.D.C. 10, 98 F.2d 291, 296, "Sentencing should not be a game in which a wrong move by the judge means immunity for the prisoner." The error relied upon may well be considered as among those technicalities which Mr. Justice Holmes, in United States v. Behrman, 258 U.S. 280, 289, 42 S.Ct. 303, 305, 66 L.Ed. 619, suggested "were deemed vital a hundred or perhaps even fifty years ago."

█ We find no invalidity in the judgment below because the appellant was not present at the adjudication. There was no resentencing. The court merely expunged an invalid portion of the previously imposed sentence and the question involved was purely one of law. Youst v. United States 5 Cir., 151 F.2d 666, decided Nov. 8, 1945. The appellant was in no wise prejudiced by it and could not have assisted in the determination of the issue had he been there.

The judgment below is affirmed.