**DONALD GENE SIPPLE, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Crim. Nos. 57-1963, 88-1964 and 87-1964

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 28, 1976

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

Petitioner Sipple petitions this Court for the issuance of a writ of habeas corpus pursuant to 5 V.I.C. § 1314(c), alleging that he is serving a sentence which was unlawfully imposed in violation of the fourteenth amendment and 5 V.I.C. § 3672(a). For the reasons stated in this Court's recent opinion in Pedro Bennett, Jr. v. Government of the Virgin Islands, et al. (Civil No. 75-1026, filed January 19, 1976) I do not believe that a full evidentiary hearing is required or would be beneficial in this case.

The petitioner's sole contention is that the wording of his original sentences is such that it cannot be understood when the various sentences are to commence and, therefore, the imposed sentences are unlawful. Sipple seeks an order granting a writ of habeas corpus and asks the Court to order a re-sentencing whereby the wording in the Judgment and Commitment would be changed to read that all sentences are to run concurrently.

I will assume for purposes of discussing this petition on its merits that this Court has the power to review the sentences in question. There is ample authority that a federal district court has the jurisdiction to correct an erroneous sentence notwithstanding the expiration of the term at which the sentence was imposed. See Buie v. King, 137 F.2d 495 (8th Cir. 1943); United States v. Coy, 57 F.Supp. 661 (W.D. Ky. 1944), aff'd, 156 F.2d 293 (6th Cir.), cert. denied, 328 U.S. 841 (1946). I do not wish to intimate that any sentence was erroneously imposed in this case, in fact, I find quite to the contrary. Nor do I reach the question of whether this Court has the power to grant the specific relief which is sought.

To begin, it is necessary to review the pertinent portions of Sipple's record of criminal convictions.

On January 18, 1965, in Criminal No. 57-1963, Sipple's probation was revoked for a violation thereof, and he was

ordered to serve a sentence of 4 years imprisonment on Count I (Burglary in the First Degree) and 4 years imprisonment on Count II (Assault in the First Degree), Count II to run concurrently with Count I. Petitioner expresses no objections to this portion of his sentence.

On the same day the petitioner was also sentenced in Criminal No. 88-1964 upon his plea of guilty to the offenses of Possession of an Unlicensed Firearm and Assault in the First Degree. Sipple was sentenced to five years imprisonment on Count I and ten years on Count II. The sentence under Count I was to run consecutively to the sentence imposed in Criminal No. 57-1963, and "that sentence imposed in Count II run consecutively to sentence under Count I above and to sentence in Criminal No. 57-1963." Sipple's first objection to the sentence is that it was error for the sentencing judge to have imposed the sentence in Count II to run consecutively to the sentence under Count I and to the sentence in Criminal No. 57-1963. He contends that it would appear that the sentence in Count II was imposed twice.

Finally, upon a jury finding of guilty of Assault in the First Degree and of Murder in the First Degree, in Criminal No. 87-1964, the petitioner was sentenced to ten years on Count I and life imprisonment on Count II.

The Judgment and Commitment also read:

It is ADJUDGED that the sentence under Count I is to run consecutively to sentences in Criminal No. 57-1963 and Criminal No. 88-1964, and the sentence under Count II, life imprisonment, is to begin at termination of sentence under Count I.

Sipple finds this portion of the sentence objectionable on two grounds. He believes that the manner in which the sentence in Count I was imposed requires him to begin serving that sentence at two different times. As to Count II, despite the wording that the sentence is to begin at the termination of the sentence under Count I, Sipple contends that the

judgment does not state whether that sentence is to be served consecutively or concurrently.

■ I find Petitioner Sipple's contentions to be frivolous and totally lacking in merit. A judgment and commitment must be construed in a realistic and commonsense fashion. As Justice McReynolds wrote in United States v. Daugherty, 269 U.S. 360, 363 (1926):

Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded.

The petitioner obviously fails to appreciate that by acquiring such a voluminous record of criminal convictions in a short span of time, the sentence which is imposed will of necessity be relatively complex. Sheer quantity alone dictates that result.

I find nothing confusing about the manner in which the sentences were imposed by Judge Gordon nor do I have any doubts about how they are to be executed. The defendant first must serve four years to cover the two concurrent four year sentences imposed in Criminal No. 57-1963. At the termination of that four year period he begins serving five years on Count I of Criminal No. 88-1964, to be followed by 10 years for Count II. Having completed those sentences, a total of 19 years, he will begin serving ten years for Count I of Criminal No. 87-1964, and following that, after a total of 29 years, he will begin his life imprisonment term.

■ Sipple's objection that it cannot be discerned from the judgment whether the life imprisonment term is to be served concurrently or consecutively with the other sentences has no merit in light of the plain wording that the sentence is to begin at the termination of the sentence under Count I. There is no requirement that a sentencing judge actually employ the words "concurrently" or "consecutively".

## ORDER

In accordance with the Memorandum Opinion of even date herewith, to which this Order is attached, and for the reasons set forth therein, it is hereby ORDERED

That the petition for a writ of habeas corpus and for other specific relief as requested therein be and the same is hereby DENIED.